DANIEL QUIGLEY, Respondent, v. JOHN BAMBRICK, Appellant.

St. Louis Court of Appeals, May 1, 1894.

**Master and Servant**: OBVIOUS DANGER OF CONDITIONS ATTENDING WORK: INCONCLUSIVE EVIDENCE. The plaintiff was engaged in work in a tunnel for the defendant, in which he was inexperienced. He was injured in consequence of the negligent failure of the defendant to brace the walls of the tunnel, though they had become saturated with water through the bursting of an adjoining cistern. *Held*, that the evidence did not conclusively establish the existence of an obvious danger, so as to impose on the plaintiff the risk of consequent injury.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Pollard & Werner* for appellant.

The condition of the tunnel, and the nature and character of the danger to be apprehended, were perfectly apparent, open and obvious to plaintiff, and he had actual knowledge of their existence, and, therefore accepted the risk. When the servant knows the condition of things and also the danger that exists in such condition, he assumes the risk. *Walton v. Kansas & Texas Coal Co.*, 52 Mo. App. 366; *Keegan v. Kavanaugh*, 62 Mo. 230; *Flynn v. Union Bridge Co.*, 42 Mo. App. 529; *Porter v. Railroad*, 71 Mo. 66; *Reichla v. Gruensfelder*, 52 Mo. App. 43; *Fugler v. Bothe*, 22 S. W. Rep. 1116; s. c., 43 Mo. App. 62. As there is nothing to show that plaintiff was not a man of ordinary intelligence, capacity and judgment, he was presumed to know the ordinary laws of gravitation,

even though he was unskilled in the business of tunneling, and had not worked there before the day on which he was injured. *Railroad v. Lempke*, 11 Am. & Eng. Railroad Cases, pp. 203, 204 and 206; *Simmons v. Railroad*, 110 Ill. 340; *Naylor v. Railroad*, 5 Am. & Eng. Railroad Cases, 463.

*A. R. Taylor* for respondent.

ROMBAUER, P. J.—The plaintiff was seriously injured by the caving in of a large quantity of earth, which fell upon him while he was in the defendant's employ as a day laborer, and engaged as such in laying some sewer pipe in a tunnel excavation constructed for that purpose, and under the supervision and control of the defendant's foreman who was in charge of the work. The plaintiff's petition charges that the defendant was negligent in ordering the plaintiff to work in the sewer tunnel without causing the same to be braced and supported to prevent its caving in, and that the injuries received by the plaintiff were the result of such negligence. The answer is a general denial with a plea of contributory negligence superadded.

The cause was tried by the court sitting as a jury, and the court, upon the request of the defendant, made the special findings of facts which we hereinafter set out. The court, upon such finding, entered a judgment for the plaintiff, which, as to amount of recovery, is fully warranted by the evidence. The only complaint made by the defendant upon this appeal is that the finding of facts itself is not warranted, and that the court, under the evidence, should have declared that the plaintiff could not recover.

The finding of facts made by the court is as follows:

"1. That the plaintiff, on July 15, 1892, at the time of the accident, and for some time prior thereto, was employed by the defendant as a common laborer and quarryman.

"2. That one Kilbarron was at the time of the accident defendant's foreman in charge of the tunnel, in which the accident happened, with full power and authority to represent and act for the defendant.

"3. That during the night of July 14 to 15, the cistern adjoining the tunnel burst, and flooded the said tunnel, and that all the water in said cistern, about sixteen feet deep, ran out into the tunnel, and that this fact was known to the defendant or his foreman, Kilbarron, the defendant's representative.

"4. That said tunnel, by said flooding and bursting by said cistern, became obviously dangerous, and its sides, walls and supports were greatly weakened, which was well known to the defendant's foreman.

"5. That defendant, after the flooding, wholly failed to use proper appliances to make said tunnel secure, and to properly brace and support the said tunnel, and that defendant's failure to do so was the direct cause of the falling of the roof, and that constitutes negligence in fact.

"6. That on July 15, plaintiff was ordered to work in said tunnel; that it was negligence on the part of defendant and his foreman to order the plaintiff to work in said tunnel after the cistern had burst, and the danger arising therefrom became known to them.

"7. That the danger arising therefrom was neither imminent nor patent and apparent; *that the plaintiff was in fact not familiar with the work of digging trenches and tunnels, nor with the dangers incident to such work from the slipping in of earth and dirt, and that the plaintiff at the time of the accident and prior thereto did not know and understand the condition of the tunnel and the*

*danger attending the work he was doing, but believed said tunnel to be safe;* and that the injury received can not be attributed to plaintiff's want of care or negligence, but it is directly attributed to the negligence of defendant in failing to properly support the walls and roof of said tunnel.

"8. That plaintiff by and through the said negligent acts of the defendant was injured; that some earth from the roof fell on him, and knocked him down, and broke his left shoulder blade and bruised his body."

The residue of the finding relates to the extent of damages only, and need not be set out, as no error is assigned on that account.

It can not be seriously questioned but that there is substantial evidence in the record tending to show the fact that the place where the plaintiff was ordered to work was unsafe, and that the defendant knew, or by the exercise of that reasonable care, which is due from the master to the servant in providing a safe place for the latter to work in, might have known, that the place was unsafe. The defendant's representative knew that the walls of the excavation were thoroughly saturated by the water which had come from the cistern, and yet failed to brace the ground sufficiently, in fact failed to brace it at all until the men first left their work on account of the unsafe condition of the ground. The tunnel was twenty feet long, and there was testimony to the effect that to render it safe it should have contained sixteen braces; whereas in fact it contained only one, and that one placed there by the plaintiff and his colaborer.

It is the seventh point of the court's finding, which the defendant attacks as unwarranted. The defendant invokes the principle which is very clearly stated by the Massachusetts courts, namely, that, while a person can

not be said to take a risk unless he knows not only the condition of things, but also the danger that exists in such condition, yet, if the danger be obvious, knowledge of the condition need only be shown. *Coombs v. Cordage Co.*, 102 Mass. 572; *Mellor v. Manufacturing Co.*, 150 Mass. 362; *Sullivan v. Manufacturing Co.*, 113 Mass. 396; *Boyle v. Railroad Co.*, 151 Mass. 102. The difficulty lies not in the principle itself, which is clear, but in the application of the principle to the facts in issue. As I held in *Fugler v. Bothe*, 43 Mo. App. 62, it is absurd to maintain that the servant does not assume a risk of the dangers of his employment, which from the nature of the case are more obvious to him than to his master. Where the evidence is clear and admits of but one inference to a reasonable mind, the judgment becomes a mere conclusion of law and there is nothing for a jury to try. The difficulty in most cases has arisen from the action of the court in trying to apply trite definitions to facts, regardless of the question whether they fit the facts or not.

Now, in the case at bar, there was evidence tending to show that the plaintiff knew nothing of this class of work. Of course, the plaintiff must be conclusively presumed to know the laws of gravitation, because that is a scientific principle which universal experience has rendered axiomatic. *St. Louis Gas Light Co. v. American Ins. Co.*, 33 Mo. App. 348. But on what theory was he bound to know the cohesive power of the soil, counteracting the laws of gravitation, or how that cohesive power was affected by the saturation of the soil by water, when there was substantial testimony to the effect that he had never worked at this class of work, had no opportunities of observation whatever, and that the place in which he worked was dark, so as not to admit of any careful observation.

The above facts clearly distinguish this case from

*Watson v. Kansas City and Texas Coal Co.*, 52 Mo. App. 366, on which the defendant mainly relies. In that case, SMITH, J., in a very well considered opinion held that the plaintiff could not recover, because the testimony was clear that he was an experienced miner, that the danger was one which could be discovered only by constant probing, and that, by the terms of the plaintiff's employment, it was his duty to make the necessary probings and to guard against the danger from falling rocks by props, which were furnished at the mouth of the mine and which could be obtained by him at any time on application.

As this is the only error complained of, and as we find that there was substantial evidence in support of the facts found by the court, it results that the judgment, which is a correct application of the law to the facts thus found, must be affirmed. So ordered. All concur.