A pedestrian has the same right to use a street that a street railroad has.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 193; Dec. Dig. § 85.*]

2. STREET RAILROADS (§ 98*) — RIGHTS AND DUTIES OF PEDESTRIANS CROSSING TRACK.

While pedestrians are bound to use care, they may properly cross a street railroad track, though a car is known to be approaching, if there is reason to suppose the car will slow down, and thus give time for the crossing.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 207–214; Dec. Dig. § 98.*]

3. STREET RAILROADS (§ 98*)—PERSONS CROSSING TRACKS.

One crossing a street railroad track at a crossing had a right to assume that an approaching car would slow down at the crossing.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 207–214; Dec. Dig. § 98.*]

4. DEATH (§ 75*)—ACTIONS FOR CAUSING DEATH—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

The rule as to the sufficiency of the evidence necessary to show absence of contributory negligence is not so strict in death cases as in cases where the injured person is alive and a witness on the trial.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 75.*]

5. STREET RAILROADS (§ 117*) — INJURIES TO PERSON CROSSING TRACK—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

In an action against a street railroad company for the death of one struck by a car at a crossing, the questions of defendant's negligence and deceased's contributory negligence held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

McLennan, P. J., and Robson, J., dissenting.

Action for death by Nellie Vandenbout, as administratrix, etc., of Marinus Vandenbout, deceased, against the Rochester Railway Company. Motion for new trial on plaintiff's exceptions. Exceptions sustained, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

John Van Voorhis' Sons, for appellant.
Harris, Havens, Beach & Harris, for respondent.

WILLIAMS, J. The exceptions should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide event.

The action was for a death, alleged to have resulted from the negligence of the defendant. The nonsuit was put by the trial court specifically upon the ground of contributory negligence, as appears by the case and exceptions.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No particular attention need be given to the question of the defendant's negligence. It was alleged in the complaint, and proved on the trial, that the car which struck the deceased was being unnecessarily operated, with the motorman and the power applied on the rear instead of the front platform, the conductor being on the front platform and operating the brake and giving signals to the motorman. The power could not be operated from the front platform, because that part of the car was crippled. It could, however, have been turned around so that the motorman and the operation of the power could have been upon the front platform. It was also alleged in the complaint, and there was evidence given on the trial, that the car was being run at an excessive rate of speed while crossing a street just prior to the accident, and was not under control, so that it could be stopped upon an accident being imminent. From these and other considerations, it might have been found by the jury that the defendant was guilty of negligence which resulted in the death. The real question is that of contributory negligence. We think this question was also for the jury, and should not have been determined by the court as matter of law.

The deceased rode to the place of the accident upon a car of the defendant going westerly on Main street. When the westerly-bound car approached Circle street it was slowed down for him to leave the car on the westerly crosswalk, its usual place of stopping. Deceased, however, stepped off the car on or just east of the easterly crosswalk, and started to cross over to the other side of Main street in front of the easterly-bound car. If the car approaching him had been running at a proper rate of speed in crossing Circle street, the deceased would have had abundant time to cross over safely, and he would have crossed safely as it was, except that he chanced to slip down upon the easterly track just before he stepped off of it. His progress was impeded by his fall, and before he could get up and off the track the car struck him. No witnesses saw deceased after he left the westbound car and while he was on his way across the street, until he had fallen and was in the act of getting up, and then he was seen by the boy witness. The nonsuit was granted at the close of the plaintiff's evidence, and therefore the conductor, who was on the front platform of the car and who must have seen him on his way over across the street, was not sworn. It is unfortunate that the nonsuit was granted before all the evidence of both parties had been taken, so that the full facts might have been known and none of them left to inference. The deceased was on his way to his work. He had a right to cross over the tracks at the crossing, even though he saw the car coming. He had the same right to use the street that the defendant had. He was under obligations to use care, it is true, but he was not bound, as a matter of law, to wait until the car, which he may have seen approaching him, had passed by. Foot passengers may properly cross the tracks though a car is known to be approaching the crossing, if there is reason to suppose the car will stop at the crossing or will slow down and thus give time for such crossing. This car was moving rapidly, and did not slow down for this crossing. The deceased had a right to assume that the car would slow down, and

it could not be said, as a matter of law, that he knew how fast it was coming, and that it would not slow down, when he started to cross over. The reason why cars are required to slow· down at crossings, and to be under control, is that pedestrians have a right to cross there and are liable to be crossing, and there is liability to accident unless the car can be easily and readily stopped. The deceased is not here to tell his story, to say what he saw, what he knew as to the approach and the speed of the car, why he attempted to cross over, and how he happened to slip down and to be thus caught by the car. The rule as to the sufficiency of the evidence necessary to establish the absence of contributory negligence is not to be held so strictly in death cases as in cases where the injured persons are alive and a witness upon the trial.

In view of all these suggestions, we think the plaintiff had a right to the verdict of the jury upon the question of contributory negligence as well as that of defendant's negligence, and therefore a new trial should be granted.

All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.