### 4349.   SMITH v. SMITH & KELLY COMPANY.

Plaintiff was engaged as a common laborer in the hold of a vessel, in unloading therefrom a solid mass of kainit or acid phosphate. He was inexperienced and only sixteen years of age. This solid mass of kainit, softened by a heavy rainfall, caved in and fell upon him. He had no knowledge of the rainfall, and, from his position in the hold of the vessel, could not have discovered it, and had no knowledge of the effect of water upon the solid mass of kainit, and he was not informed of these facts by his master. *Held*, that the evidence did not conclusively establish the existence of such an obvious danger in the work as that the plaintiff assumed the risk of consequent injury; and, therefore, it was not proper to award a nonsuit.

DECIDED DECEMBER 21, 1912.

Action for damages; from city court of Savannah—Judge Davis Freeman. January 25, 1912.

*Twiggs & Gazan,* for plaintiff.
*O'Byrne, Hartridge & Wright,* for defendant.

HILL, C. J.   This case is here on exception to a judgment granting a nonsuit. The petition made, in substance, the following case:   Plaintiff, a negro boy, sixteen years of age, was employed by the defendant company as a common laborer, to assist in unloading kainit, or acid phosphate, from the hold of a schooner in the port of Savannah. This substance was very hard and almost solid, and the

method of removing it was, when the hatch of the vessel was open, for the laborers, with a pick-axe, to break up the substance, place it in buckets, and thus remove it from the hold of the ship. Sometimes the substance was so hard that dynamite had to be used to break it up into particles sufficiently small to be hauled up. Plaintiff had never done work of this character before, and in the present instance had worked in the vessel only a day and a half. On the second day, while he was at work in the hold of the ship and away from the hatch-opening, a heavy rain, accompanied by a hard wind, fell through the hatch of the vessel on to the top of this substance, so that the top of the solid mass became softened by the action of the water. Plaintiff, who was at work in the hold of the vessel, where he could not see the rain falling, did not know that the water had fallen on the solid mass, and did not know that the effect of water upon this substance would be to soften it and cause it to cave in. He was not informed by his employer of the effect that water would have on this substance, or warned of any danger of working underneath the mass when it had been softened by water; and while he was thus at work and ignorant of his danger, suddenly a mass of this substance, softened by water, fell upon him, causing the injuries for which he brings suit. The evidence clearly proved the allegations as laid in the petition, and the case thus made showed that the plaintiff was an inexperienced laborer, sixteen years of age, and had no experience in this kind of work; that he did not know of the fall of rain on this solid mass of kainit, or acid phosphate, and did not know that the effect of the rain would be to soften the kainit and cause it to cave in upon him. He was not informed of the danger in working beneath the mass which had thus been softened by the water, and his employer had failed to warn him of any danger arising from this situation, and he was entirely free from any contributory negligence.

The bill of exceptions recites that the nonsuit was granted because the evidence in behalf of the plaintiff showed knowledge on his part that water would soften the acid phosphate, and generally because the evidence showed no right of recovery in the plaintiff. But the undisputed evidence of the plaintiff is as above stated, and, we think, neither for the reason given for the nonsuit, nor for any other reason, was the evidence of such a conclusive character

that the court could say, as a matter of law, that the plaintiff was not entitled to recover. It is well settled that a motion for nonsuit admits the truth of the plaintiff's evidence and every legitimate inference of fact which may be drawn therefrom in favor of the plaintiff's right to recover. The evidence is undisputed that the plaintiff did not know that the rain had fallen on this solid mass of kainit, or acid phosphate. It is also undisputed that even if he had known of the rain falling on this solid mass, he was ignorant of the effect that water would have upon it; in other words, that water would soften the mass and thus cause the danger of its caving in or of falling upon him while he was at work.

It is well settled that when a servant knows the condition of things and also the danger of working under this condition, he assumes the risks of his employment. But here the evidence shows that this plaintiff was inexperienced and did not know the effect of water upon the solid mass of kainit. It was the master's duty to furnish him a reasonably safe place in which to do his work, and to inform him of any danger which, at any time when he was doing his work, would render the place unsafe. In other words, it was the master's duty in the present case to have informed this inexperienced laborer of the facts,—not only that water was falling on this mass, but the effect of water on it, and the danger attendant upon working beneath it under such conditions. These facts must be presumed to have been within the knowledge of the master. How was this inexperienced boy to know the chemical effect of water upon this acid phosphate, or kainit, even if he had known that rain had fallen upon it? And we do not think that an inexperienced laborer who had received no warning would be charged, as a matter of law, with knowledge of the effect which water would have upon this solid mass, and a consequent comprehension of the danger arising therefrom to him. While the law supposes every adult person to be possessed of such knowledge, intelligence, and discretion as will enable him to appreciate any obvious danger and see and understand those dangers which are the subject of common knowledge, or which can be readily seen from common observation, and that all servants of ordinary intelligence are presumed to be acquainted with the properties of matter and the laws to which they are subject, yet it can not be said that an inexperienced servant, whether a minor or an adult, is bound to take notice of the dangers

arising from the action of water upon a solid substance such as is described in the petition and in the evidence.

Without extending this discussion any further, we are clearly of the opinion that the question of negligence was at least issuable, under the allegations of the plaintiff's petition and the evidence, and that the trial judge erred in holding, as a matter of law, that the plaintiff had failed to make out at least a prima facie case against the defendant. 26 Cyc. 1172; Perry v. Marsh, 25 Ala. 659; Quigley v. Bambrick, 58 Mo. App. 192; 1 Labatt, Master & Servant, 1036 et seq., and many cases cited in the notes.

*Judgment reversed.*