asks is in effect that the inspectors be required to recanvass the vote passing upon the validity of ballots which they heretofore counted as valid. This is precisely what cannot be compelled by mandamus. People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756; Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28; People ex rel. March v. Beam, 188 N. Y. 266, 80 N. E. 921; People ex rel. Brown v. Freisch, 109 N. E. 517.

If it appeared at an examination of the boxes that they contained ballots which at the time of the canvass had been passed upon and decided to be and marked as protested, void, or blank, but had not been put in the envelopes provided by law for that purpose, a different question would be presented, as it would have involved only the performance of a ministerial duty on the part of the inspectors to require them to put in the envelopes ballots which should have been put therein at the time of the canvass. That, however, is not this case. The relator states in his brief that the purpose of this proceeding is to preserve for use hereafter in any future remedy he may seek the evidence upon which he bases his claim of election. That evidence can be preserved by obtaining an order under section 374 of the Election Law (Consol. Laws, c. 17) for the preservation of the ballots.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.

---

SENEY v. NEW YORK STATE RYS. (No. 308/89.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

STREET RAILROADS ⊙⟞117—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY
 A pedestrian, who sees a car approaching so near and going so fast as to be liable to strike him before he can cross the track, may not as a matter of law rely on the motorman exercising reasonable care, but the question is for the jury.
 [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⊙⟞117.]

Appeal from Trial Term, Herkimer County.

Action by Agnes Seney, as administratrix of Joseph Seney, deceased, against the New York State Railways. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Daniel E. Morgan, for appellant.
Geo. W. Ward, of Little Falls, for respondent.

PER CURIAM. We are of the opinion that the trial judge erred in charging a request made by counsel for the plaintiff, and that the error is so prejudicial as to require a new trial. After defendant's counsel had failed to have the trial judge charge that deceased had no right

to assume as a matter of law that the car would be under control as it approached him, and other similar requests, the judge leaving that question to the jury, the plaintiff's counsel requested the court to charge that:

"Mr. Seney [the deceased] was not bound, as a matter of law, although he saw the car coming toward him in the distance, to wait until it passed, but he had a right to rely upon the motorman exercising due and reasonable care to permit him to cross the track in safety."

That was charged, and the defendant's counsel excepted. If Seney saw this car approaching, and it was so near and going so fast as liable to strike him before he could cross, it could not be said as a matter of law that he would have a right to rely upon the motorman exercising reasonable care. That question should have been left as it had been charged. It was for the jury to say whether, under all the circumstances, he had the right to rely upon the motorman exercising due care. Nardi v. Richmond Light & Railroad Co., 153 App. Div. 388, 138 N. Y. Supp. 496.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.