# Klingmann, Appellant, v. Pittsburgh Railways. Company.

*Negligence—Street railways—Right angle collision—"Look and listen"—Case for jury.*

In an action to recover damages for injuries sustained by the driver of a wagon in a right angle collision with a trolley car at a crossing, where there was evidence from which the jury could have found that on approaching the tracks plaintiff looked and saw the car 250 or 300 feet distant, and could have assumed that it would first stop to take on a prospective passenger who was signalling it, it was for the jury to determine whether plaintiff was justified in believing that he had time to cross the track before the car, if at its usual and proper speed, would reach him, and the jury having disagreed, the entry of judgment for defendant upon the whole record was error.

Argued Oct. 18, 1915. Appeal, No. 188, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1914, No. 1429, for defendant upon the whole record in case of Albert H. Klingmann v. The Pittsburgh Railways Company. Before MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

The jury disagreed, and the court entered judgment for defendant upon the whole record. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Thomas M. Marshall*, with him *Thomas M. Marshall,
Jr.*, for appellant.

*Richard C. Long*, with him *Clarence Burleigh* and
*Wm. A. Challener*, for appellee.

PER CURIAM, January 3, 1916:

The jury disagreed and was discharged. Subsequently, the court entered judgment for the defendant on the whole record because it found as a matter of law that the plaintiff was guilty of negligence which contributed to the injuries for which the action was brought. We think the plaintiff's negligence was a question for the jury, and that, therefore, it was error to enter judgment for the defendant.

From the plaintiff's testimony, it appears that on the day of the accident he was driving a laundry wagon west, towards the city, on Penn avenue, Pittsburgh. At Thirteenth street, he turned to the left to drive south on that street and his wagon was struck between the front and rear wheels by defendant's car which was going east on the out-bound track on Penn avenue. The plaintiff testified that when he entered Thirteenth street and pulled over on the other track the street car approaching from the west was 250 to 300 feet from him, and other witnesses testified that the car was at least half a block distant. He said he could not tell how fast the car was moving. The plaintiff also testified that he saw a person standing at the corner of the avenue and street signalling the car to stop by waving an umbrella. This person testified that he was waiting for a street car which he intended to board, that he signalled it to stop by waving his umbrella when it was fully half a block away, that he saw the wagon as it approached Thirteenth street and pulled on the east or out-bound car track, that the car was then about 200 to 220 feet west of Thirteenth street and was moving 20 to 25 miles an hour. There was other and corroborative testimony

introduced by the plaintiff, and whether it was conflicting and disclosed negligence on the part of the plaintiff, as contended by defendant, was for the jury. The evidence does not clearly disclose that the plaintiff failed to observe the care required of him by looking for the approaching car after he entered Thirteenth street; on the contrary, the jury could have found from the evidence that he did take this precaution and was constantly looking out for the car. Assuming what the jury might have found, the plaintiff saw the car approaching the crossing when it was 250 or 300 feet distant from Thirteenth street and was turning into the street or was in the street about to cross the east bound track. He also saw the prospective passenger signal the car to stop, which he might well assume it would do. Under these and other circumstances disclosed by the evidence, it was for the jury, and not for the court to declare as a matter of law whether he was justified in believing he had time to cross the east-bound track before the car, if operated at its usual and a proper speed, would reach it: Hamilton v. Consolidated Traction Co., 201 Pa. 351.

The judgment is reversed with a procedendo.