### McLAUGHLIN v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1919.)

#### No. 3203.

1. CARRIERS ⚌347(3)—PASSENGERS—DEATH ON TRACK—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

   Whether an intending passenger, struck on railroad tracks while attempting to cross to board a train, was negligent, is a question for the jury, unless it is clear that reasonable minds can reach only the conclusion that a person of ordinary prudence would not have made the attempt under the circumstances.

2. CARRIERS ⚌347(3)—PASSENGERS—DEATH ON TRACK—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   In an action for death of an intending passenger, struck by an express train which she thought was her train, and which she crossed the tracks to board, question of contributory negligence held for the jury under the evidence.

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Elmer McLaughlin, administrator of the estate of Naomi Seidner, deceased, against the Pennsylvania Company. To review judgment for defendant, plaintiff brings error. Reversed, with directions to award new trial.

Francis R. Marvin, of Cleveland, Ohio, for plaintiff in error.
Thomas M. Kirby, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Upon the trial, at the conclusion of the opening statement of plaintiff's counsel, the court sustained defendant's motion for direction of verdict in its favor upon the pleadings and opening statement. This writ is to review the judgment thereon.

The gist of the opening statement was that decedent, a lady more than 50 years old, desiring to take a local passenger train from Beloit, Ohio, to Columbiana, in that state, where she resided, bought a ticket for such transportation from defendant's ticket agent and station master at Beloit shortly before the train was due to leave, and was then informed by the agent that her train was due in five minutes. Soon after-

wards the whistle of an approaching train was heard, which the agent informed decedent was her train. She then started to take it, accompanied by her two daughters, one of whom was to accompany her on the train. To do so she was obliged to cross three sets of tracks to reach a cinder platform, elevated a foot or so above the tracks, and on the farther side of the track on which her east-bound train was to run; it being necessary to use this platform to board her train. There was no crossing or walkway provided over the tracks and no planks between the rails; the space between tracks and rails being filled with slag. As decedent and her daughters started to cross the tracks, there was approaching from the west a train which she and her daughters supposed to be her train, and which they supposed was going to stop at the station. It was in fact a fast train of defendant's, which was not to stop at Beloit, and which was running behind its schedule at a speed of 50 to 60 miles per hour, on the track which should have been occupied by decedent's train, and practically on the time of that train. As decedent reached the farther rail of the last track she stumbled and fell, and was struck and killed by the fast train. The direction of verdict was on the ground that decedent was, as matter of law, guilty of contributory negligence in passing in front of the swiftly moving train.

Defendant properly assumes that the opening statement showed negligence on defendant's part, and we have therefore omitted that part of the statement. The only question thus is whether it conclusively appears that decedent was guilty of contributory negligence in crossing the third track in front of the approaching train.

[1, 2] It does not so conclusively appear, unless it is clear that reasonable minds can reach only the conclusion that a person of ordinary prudence would not have so crossed under the circumstances appearing. We think this cannot be said. True, it must be assumed that until she reached the last track she was in a place of safety, that she knew when she started to cross the track that a train was approaching upon it, and that it would eventually pass beyond the place where she was trying to cross. But it is not accurate to say that she knew or believed that the train would, in the nature of things, intercept her path. On the contrary, according to the statement, defendant had assured her, and she believed, that the approaching train was her train; and, so believing, a reasonable person would naturally assume that it would stop but a few feet beyond the point where she proposed to cross, and that it would thus have nearly come to a stop when it reached her place of crossing.

Assuming that she saw the train but three seconds before she was struck, if running at a speed of but 50 miles an hour it was then 216 feet away. To cover that distance the train which decedent expected to take, slowing down for a stop, but running even 20 miles an hour, would require seven seconds as against three seconds for the fast train—a margin of four seconds. Or, otherwise stated, the slow train would travel in the three seconds but about 87 feet, as against 216 feet, leaving a clear margin of safety of 129 feet. If the train was seen more than three seconds before the collision, or if it was running

more than 50 miles an hour, it was more than 216 feet away when seen, and the margin of safety was correspondingly increased. Consistently with the opening statement, decedent may well have thought that she had ample time to cross the track ahead of the approaching train, assuming, as she had the right to do, that it was to stop at the accustomed place; and a jury may equally well have thought, not only that she would have had ample time to cross had the train been the one she expected to take, and which she had been led by defendant to believe was her train, but that decedent was not negligent in attempting to cross under the conditions thus appearing. If, as the statement seems to mean, decedent's daughters thought the approaching train was her train, such fact, if communicated to decedent, could properly be taken into account by her as affecting the prudence of crossing the tracks.

Without regard, therefore, to the doctrine of "intervening track," the judgment of the District Court must be reversed, with directions to award a new trial.