## ALQUIST v. MEMPHIS ST. RY. CO.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1923.)

No. 3753.

1. **Street railroads ☜☞103(2)—Motorman held not to have had last clear chance to avoid striking pedestrian.**

A motorman, approaching a street intersection where passengers were waiting to board his car, but without intending to stop for them, did not have the last clear chance to avoid striking a pedestrian who attempted to cross in front of the car, even if he saw the pedestrian running toward the car, since he could assume the pedestrian would pass behind the car and not in front of it, until the latter actually entered on the zone of danger.

2. **Street railroads ☜☞117(22)—Contributory negligence of pedestrian attempting to cross in front of car held for jury.**

A pedestrian, who saw that a number of persons were waiting for a street car at a place where it regularly stopped to pick up passengers, so that he could assume the approaching car would stop at that crossing,

---

☜☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and who was running in an effort to get the car, *held* not guilty of contributory negligence as a matter of law in attempting to cross in front of the car.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Action at law by Mattie Alquist, as administratrix, against the Memphis Street Railway Company, by its receivers. Judgment for defendants on directed verdict, and plaintiff brings error. Reversed and remanded for new trial.

Wassell Randolph, of Memphis, Tenn. (Randolph & Randolph, of Memphis, Tenn., on the brief), for plaintiff in error.

McKinney Barton, of Memphis, Tenn., for defendants in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. At a place outside the Memphis corporate limits in-bound street or interurban cars run north on a street that is crossed by an east and west street. North-bound cars regularly stop to take on any passengers waiting at the northeast corner of this intersection. At the time in question a car was coming north, and several persons were waiting on this corner to board it. Because he was behind the schedule, and because there was another car not far behind, the motorman decided not to stop, but went on at full speed past the waiting group. As the car was coming north towards the cross street, plaintiff's intestate, Searcy, was coming east on the north side of that street. He saw the coming car and the waiting passengers, decided to join them and board the car at that point, and began to run east for that purpose, on the north side of the cross street. Without any stop he ran directly in front of the car, failed to get quite across, and was killed.

Upon the trial the court below directed a verdict for the railroad company on the ground that Searcy's contributory negligence conclusively appeared. For the purpose of this review, it is not now disputed that there was evidence sufficient to go to the jury upon the issue of defendant's negligence.

[1] The plaintiff insists that even if Searcy was negligent, there was a case for the jury upon the theory of the last clear chance. We cannot think that this is so. Even if the motorman had seen Searcy running, no duty of reasonable care would have compelled the motorman to suppose that Searcy would run in front of the car rather than behind it, or would get into danger, until that moment when, instead of stopping in safety, he continued across the track, and between that moment and the time that he was hit there was no possible opportunity for the motorman to do anything which might have prevented the injury.

[2] However, the circumstances did not justify the inference, as a matter of law, that Searcy was negligent. Though we may assume that this would have been the inevitable conclusion with regard to an ordinary crossing, it becomes uncertain by the effect of the fact that this was a usual stopping place. When he first saw the car and

started to run for it, and saw also the waiting passengers, Searcy had a right to assume that the car would stop as usual; and if the customary slowing up in stopping would have given him time to get across, it was not negligence for him then to make the plan to cross ahead of the car. Kostuch v. St. Paul Co., 78 Minn. 459, 81 N. W. 215; Klingmann v. Pittsburgh Co., 252 Pa. 12, 97 Atl. 128.

The only doubtful question is whether Searcy, as he kept on running, his mind fixed on the necessary haste, was, as a matter of law, bound to observe that the car was not slowing and that it would not stop. We think this was an issue of fact for the jury to determine, in answer to the question whether Searcy's conduct, under all the circumstances, was negligent according to the established definition of that term. The case is substantially parallel to those which have fixed the rights of the parties where a railroad train is expected to stop in a station shed or at a station platform—indeed, ordinarily a street car has a less absolute right of way than a railroad train. McLaughlin v. Penn. Co., 257 Fed. 545, 168 C. C. A. 529.

This conclusion necessitates that the judgment be reversed and the case remanded for a new trial.