22292. BROWN *v.* SAVANNAH ELECTRIC & POWER CO.

394

DECIDED NOVEMBER 19, 1932. REHEARING DENIED FEBRUARY 17, 1933.

*Oliver & Oliver,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendants.

SUTTON, J. R. F. Brown brought suit against the Savannah Electric & Power Company for the negligent homicide of his wife. The defendant denied liability. The case proceeded to trial before a jury. At the close of the plaintiff's evidence the court, on motion of the defendant, granted a nonsuit. To this judgment the plaintiff excepted. The evidence in behalf of the plaintiff would have authorized the jury to find that the plaintiff was proceeding in his automobile, in which his wife was riding with him, on October 19, 1930, about 2 p. m., south on Waters street in the City of Savannah at a speed of about fifteen miles an hour; that he traveled this way three or four times each day; that on approaching Bolton street he slowed down; that the defendant's street-car line runs along Bolton street and crosses Waters street at this intersection; that it was customary for the defendant's street-cars to come to a full stop when they reached Waters street; that there was a stop-sign on a post on the right side of the car line where it approaches Waters street from the east; that there is another stop-sign suspended above the street-car line at this point; that Bolton street is not as wide a street as Waters street and is unpaved; that a person's view of Bolton street on his right is obstructed by a building, when approaching that street from the north along Waters street; that one could not see a street-car coming along Bolton street from the east until after its front had cleared this building, which was on the northeast corner of the intersection; that when he approached Bolton street and was about 18 or 25 feet from the car line, a street-car of the defendant, without sounding a gong or ringing a bell, came along Bolton street into the street intersection from the east; that the

plaintiff did not see the street-car and could not see it, on account of the building on the corner, until it came to a point near the intersection; that the plaintiff did not know of the approach of the street-car; that the street-car failed to come to a full stop before crossing Waters street as it had been customary for street-cars to do at this point; that the plaintiff, in approaching this intersection in his automobile, relied on the custom of defendant's street-cars coming to a stop there; that the plaintiff could not stop his automobile and avoid a collision, and there was nothing for him to do but get across the car line before the street-car hit him; that the street-car did not check its speed when its operator could have seen the perilous position of the plaintiff, but, on the contrary, increased its speed and ran into and struck the rear of the plaintiff's automobile, causing it to overturn, thereby killing the plaintiff's wife; and that the speed of the street-car at the time of the collision was about fifteen miles an hour, whereas its speed on approaching the intersection had been checked to five or six miles an hour. Other witnesses besides the plaintiff testified to the same effect.

■ The defendant contends that the testimony of the plaintiff was contradictory, and that in construing it most strongly against him, a judgment of nonsuit was proper. Even if this be true, there were other witnesses who testified as to the collision, and whose version of the collision, set out above, could have been accepted by the jury, and it was erroneous to grant a nonsuit. *Ray* v. *Green,* 113 *Ga.* 920 (39 S. E. 470); *Chandler* v. *Southern Ry. Co.,* 113 *Ga.* 130 (38 S. E. 305). The case of *W. & A. R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494), upon which the defendant relies to sustain the above contention, is not in point. In that case there was a verdict, and in this case there was not. It is not proper to grant a nonsuit merely because the court would not allow a verdict for the plaintiff to stand. Civil Code (1910), § 5942. Even if the judge were justified in a given case, by an overwhelming preponderance of evidence for the defendant, in thinking that the jury should not find for the plaintiff, but rather should find for the defendant, this would give him no right, without the aid of the jury, to decapitate the plaintiff's case with a nonsuit. *Jackson* v. *Georgia So. & Fla. Ry. Co.,* 132 *Ga.* 127, 135 (63 S. E. 841).

■ But if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from

them, the plaintiff ought not to recover, a nonsuit will be granted. Civil Code (1910), § 5942. A motion for a nonsuit is like a demurrer, and if, admitting all the facts proved and all reasonable deductions therefrom, the plaintiff, on all the proof, ought not to recover, the nonsuit ought to be ordered; but a court will not grant a nonsuit wherever it would grant a new trial. *Tison* v. *Yawn,* 15 *Ga.* 491. "Nonsuit is a process of legal mechanics; the case is chopped off. Only in a clear, gross case is this mechanical treatment proper. Where there is any doubt another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence, and to feel every shock and tremor of its probative force." *Vickers* v. *A. & W. P. R. Co.,* 64 *Ga.* 306. A nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's claim, or where the jury can fairly and reasonably infer from the evidence a statement of facts favorable to the plaintiff. *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623) ; *Gresham* v. *Stewart,* 31 *Ga. App.* 25, 28 (119 S. E. 445). If there is any evidence upon which a verdict for the plaintiff could be rendered, the case should not be withheld from the jury. *Dyson* v. *Beckham,* 35 *Ga.* 132, 135. Under the evidence adduced by the plaintiff in this case, we do not think the grant of a nonsuit was proper. The jury could fairly and reasonably infer from the evidence a state of facts favorable to the plaintiff.

■ The defendant contends that the evidence in this case showed conclusively that the plaintiff, by the exercise of ordinary care and diligence on his part, could have avoided the injury to himself, and that there was no evidence that the defendant was negligent, under the facts alleged in the petition or proved by the evidence. On the other hand, the plaintiff contends that this evidence showed that the defendant was negligent in failing to stop at a dangerous crossing, according to custom and in violation of the stop-sign, in speeding up the street-car after a collision with plaintiff's automobile was obvious and imminent, instead of checking the speed or stopping the car, and in failing to sound any warning as the street-car approached and entered this intersection; that the plaintiff was not lacking in ordinary care after the negligence of the defendant became apparent to him, and that he acted in a sudden emergency in the manner in which he thought he could more easily avoid the collision.

Questions of diligence or negligence are peculiarly matters for the jury, and a court ought not to take the place of the jury in solving them. What has been aptly termed "the mechanical process" of nonsuit, by which the plaintiff's cause is cut off as a matter of law, ought not to be applied when the jury, from all the facts proved and all reasonable deductions from them—deductions which may be legitimately made by the jury, might find the issue of diligence or negligence in favor of the plaintiff. It is only in clear cases, where, admitting all the facts proved and all reasonable deductions which the jury might make from them, the plaintiff would not be entitled to recover, that the judge ought to decide without the aid of a jury the question of diligence or negligence arising under the evidence. *Jackson* v. *Georgia So. &c. Ry. Co.*, supra. Questions as to diligence and negligence, including contributory negligence, are peculiarly for the jury, except in plain and indisputable cases. *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (8), 260 (58 S. E. 249); *International Cotton Mills* v. *Webb*, 22 *Ga. App.* 309 (4), 310 (96 S. E. 16); *Columbus Power Co.* v. *Puckett*, 24 *Ga. App.* 390 (3) (100 S. E. 800). "Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury." *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759 (3) (154 S. E. 718). Accordingly, it has been held many times that questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, except where the solution of the question appears to be palpably clear, plain, and indisputable. *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (*a, b*) (79 S. E. 112). So where, in an action for personal injury, the case turns upon the question whether the party injured could, by the exercise of ordinary care, have avoided the injury, and the evidence does not show such conduct on his part as to amount to negligence per se, the question as to the exercise of ordinary care is for the jury. *Dethrage* v. *Rome*, 125 *Ga.* 802 (54 S. E. 654); *Smith* v. *Smith & Kelly Co.*, 12 *Ga. App.* 19 (76 S. E. 770). Even where from the plaintiff's testimony it is a doubtful question whether the plaintiff could or could not have avoided the injury to himself by ordinary care, the case should be submitted to a jury, and the granting of a

nonsuit is improper. *Cooper* v. *Raleigh & Gaston R. Co.,* 105 *Ga.* 83 (30 S. E. 731); *Central Ry. Co.* v. *Harper,* 124 *Ga.* 836, 840 (53 S. E. 391); *Hutchinson* v. *Greene County,* 11 *Ga. App.* 103 (74 S. E. 853). It can not be said, as a matter of law, that the failure on the part of a person approaching and entering into a railroad-crossing, and unaware of the approach of a train, to stop, look, and listen renders him guilty of the lack of ordinary care. *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708, 711 (39 S. E. 306, 54 L. R. A. 802); *Southern Ry. Co.* v. *Slaton,* supra. In Clark *v.* Bennett, 123 Cal. 275 (55 Pac. 908), the question of contributory negligence was held to be for the jury, where the plaintiff did not see the street-car until he was on or nearly on the track, and then thought he could get across ahead of the car. Where one who is about to cross a street-car track sees a car approaching so near and going so fast as to be liable to strike him before he can cross, it can not be said as a matter of law that he would have a right to rely on the motorman's exercising reasonable care; but whether, under all the circumstances of the case, he has a right to rely upon the motorman's using due care is a question for the jury. Seney *v.* N. Y. State R. Co., 170 App. Div. 929 (154 N. Y. Supp. 691). Under the facts and circumstances of this case, we think that it was for the jury to say whether or not the plaintiff was lacking in ordinary care and could have avoided the injury to himself, and whether or not the defendant was negligent in the manner alleged, and these questions should have been submitted to the jury under proper instructions from the court.

It is the duty of a street-railway company and its employees to use due care and diligence to avoid injury to any person who is in the street. *Cordray* v. *Savannah Electric Co.,* 5 *Ga. App.* 625, 630 (63 S. E. 710). Where there is a duty to give warning of the approach of a street-car such timely warning should be given as will enable others to avoid injury by it. Smith *v.* Public Service Cor., 78 N. J. L. 478 (75 Atl. 937, 20 Ann. Cas. 151, note); and see *Cordray* v. *Savannah Electric Co.,* supra. In this case the evidence showed that the operator of the street-car which collided with the plaintiff's automobile did not sound a gong, ring a bell, or give any warning upon approaching this street intersection. All that is required is that, in view of all the circumstances, a person about to cross ahead of an observed car shall exercise reasonable care. Ob-

viously it would not be contributory negligence for the plaintiff to attempt to cross the street-car track if he did not see the street-car approaching, and by the exercise of ordinary care could not have seen it. The duty to avoid negligence (Civil Code of 1910, §§ 2781, 4426) does not arise until after the negligence to be avoided has become apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. *Central of Ga. Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119, 122 (74 S. E. 854) ; *Augusta-Aiken Ry. &c. Cor.* v. *Jones,* 15 *Ga. App.* 93 (82 S. E. 665). Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. *Southwestern R. Co.* v. *Paulk,* 24 *Ga.* 356; *Smith* v. *W. & T. R. Co.,* 83 *Ga.* 671 (10 S. E. 361) ; *Atlanta, Knoxville &c. Ry. Co.* v. *Roberts,* 116 *Ga.* 505, 508 (42 S. E. 753) ; *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302) ; *A. C. L. R. Co.* v. *Daniels,* 8 *Ga. App.* 775 (70 S. E. 203) ; *Napier* v. *DuBose,* 45 *Ga. App.* 661 (165 S. E. 773). Under the facts of this case it was a question for the jury to determine whether such an emergency did exist; and if it did, the question whether the plaintiff used ordinary care in attempting to cross the track ahead of the car was likewise for determination by the jury. *Dabbs* v. *Rome Railway & Light Co.,* 8 *Ga. App.* 350, 359 (69 S. E. 38). One who is about to cross a street-car track at a crossing may rely to some extent upon the stopping of the car at that place in accordance with custom, with a stop-sign, or rule of the company, and this even though he sees the car approaching. Kostuch *v.* St. Paul City R. Co., 78 Minn. 459 (81 N. W. 215) ; Percell *v.* Metropolitan Street R. Co., 126 Mo. App. 43 (103 S. W. 115) ; Vadenbout *v.* Rochester R. Co., 129 App. Div. 844 (114 N. Y. Supp. 760) ; Stewart *v.* Portland Ry., Light & P. Co., 58 Ore. 377 (114 Pac. 936) ; Klingman *v.* Pittsburg R. Co., 252 Pa. 12 (97 Atl. 128) ; City & Sub. R. Co. *v.* Cooper, 32 App. D. C. 550; Capitol Traction Co. *v.* Divver, 33 App. D. C. 332.

Applying these rulings to the facts of the instant case, we are of the opinion that the court erred in granting a nonsuit. If plaintiff was not entirely free from fault, if the operator of defendant's street-car had sounded its gong or rang its bell upon approaching this crossing, had stopped there as required by the stop-sign and as

it had been customary for defendant's cars to do, and had not increased its speed when the peril of plaintiff was imminent and apparent, in all probability the collision with the plaintiff would not have happened. In all the circumstances of the case it was for the jury to determine whether the defendant was negligent or not, and in the particulars charged, and if it was whether the plaintiff was guilty of such contributory negligence as to bar a recovery by him. It follows that the court erred in granting a nonsuit.

*Judgment reversed, Jenkins, P. J., and Stephens, J., concur.*