20512.  PICKARD *v.* GEORGIA POWER COMPANY.

DECIDED JUNE 10, 1930.  REHEARING DENIED JULY 15, 1930.

*Hugh Howell, John I. Hynds,* for plaintiff.
*Walter T. Colquitt, Sidney Smith,* for defendant.

LUKE, J.  Mrs. R. H. Pickard brought an action against the Georgia Power Company for damages for personal injuries sustained in a collision between an automobile and a street-car at the intersection of Garnett and Pryor streets in the city of Atlanta, of November 11, 1928, at about 8:15 o'clock in the evening.  Plaintiff's husband owned the automobile and was driving it at the time of the collision, and she was sitting on the front seat with him. The exception is to a judgment of nonsuit.

The portion of the plaintiff's testimony (corroborated by the testimony of her husband and other witnesses in part) describing the collision was substantially as follows:  On approaching Pryor street, upon which the street-car line is operated, her husband brought his automobile to a dead stop for three or four seconds. Both occupants of the automobile looked to the right and saw the street-car coming about half a block away at a speed of from twenty to twenty-five miles an hour.  Her husband then drove the automobile forward at the rate of six or seven miles per hour toward and upon the street-car tracks.  Both plaintiff and her husband saw the approaching street-car and neither said anything to the other about it.  There was no slackening of the speed of the street-car, and its headlight was plainly visible.  There was nothing to prevent either party from seeing it.  When the automobile had crossed one track and reached the nearer rail of the second track, the street-car struck the right front wheel and fender of the automobile, knocked the automobile around, and injured the plaintiff. Both husband and wife testified that they thought they had time enough to cross the tracks safely.

We think that the judgment nonsuiting the plaintiff was correct,

for the reason that the evidence fails to show that the defendant was negligent. Moreover, if it be conceded that the defendant was negligent, we are of the opinion that, without imputing the negligence of the husband to the wife, the latter would be precluded from a recovery by reason of the fact that, by the exercise of ordinary care, she could have avoided the consequences of the defendant's negligence.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*