21925. NAPIER *v.* DuBOSE.

SUTTON, J. 1. Where the judge in his charge to the jury undertakes to state the contentions of the parties litigant, and states that the plaintiff brings her action against the defendant and alleges that she has been injured and damaged in a certain sum by reason of the allegations set forth in the petition, and that her petition is in two counts, which

means that she has two lawsuits, which "means that she is suing in her first suit for personal injuries that she herself has received," and that "she is suing in her second suit for damage that has resulted to personal property belonging to her," he is not expressing an opinion upon the facts, but is merely stating the contentions of the plaintiff as set up in her petition. *John Deere Plow Co.* v. *Anderson,* 29 *Ga. App.* 497 (4) (116 S. E. 38); *Elder* v. *Cozart,* 59 *Ga.* 200; *Chattanooga &c. Railroad Co.* v. *Huggins,* 89 *Ga.* 494, 504 (15 S. E. 848). For the court to state to the jury the allegations of the petition and the claims of the parties is not violative of section 4863 of the Civil Code. *S. A. L. Ry. Co.* v. *Hunt,* 10 *Ga. App.* 273 (5) (73 S. E. 588).

2. It was not error to charge the jury, in stating the contentions of the parties and instructing the jury as to the form of verdict that would be proper, that "The first count is as to her personal injuries. . . If you should determine to find a verdict for the plaintiff in this case on the first count, the form of your verdict would be, 'We, the jury, find for the plaintiff so many dollars,' as you should determine to find." This was merely a statement as to what the plaintiff contended in the first count of her petition, with instructions as to the proper form of verdict if they should determine to find in favor of the plaintiff on the first count of her petition.

3. To charge the jury that "If you should believe from the evidence in this case that the injury or damage was caused from the negligent act of the defendant, and that this negligent act caused the injury and damage complained of, then I charge you that the law of last clear chance would not apply," such charge being immediately preceded by this charge: "The plaintiff on her part contends that the law of last clear chance does not apply; . . she contends that this accident, this damage, if you believe any there was, was caused by the defendant's negligence, and, therefore, the defendant could not cause the negligent act and then claim the law of last clear chance to be relieved therefrom," was not error in that it was an assumption by the court that the evidence had established the injury and damage claimed by the plaintiff, nor was it an expression of opinion by the court as to what had been proved.

4. The court charged the jury that "the doctrine of last clear chance" means that one who is in a sudden emergency, and acts according to his best judgment will not be chargeable with negligence; that the law will take account of circumstances surrounding an act, and if those circumstances are such as to produce excitement, or interfere with one's ability to act, the act is to be measured accordingly; that the contention of the defendant is that, acting under a "certain" [sudden?] emergency he swerved his car and was forced to hit the plaintiff's car; and that the defendant claims that this is the law of the case, "the last clear chance, and by reason of that law, he would be relieved of any act of negligence, if any act of negligence there was.". Following this charge, the court further referred to the contention of the defendant as "the law of the last clear chance." *Held:*

(a) The court incorrectly referred to the above contention of the defendant as "the law of the last clear chance" (as to this doctrine see *Americus R. Co.* v. *Luckie,* 87 *Ga.* 7, 13 S. E. 105; *W. & A. R. Co.* v.

*Ferguson*, 113 *Ga.* 708, 39 S. E. 306, 54 L. R. A. 802; 45 C. J. 987, § 539), when the contention of the defendant, as shown by this charge as a whole, the pleadings, and the evidence in the case, was that where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. *Pacetti* v. *Central of Ga. R. Co.*, 6 *Ga. App.* 97 (64 S. E. 302); *A. C. L. R. Co.* v. *Daniels*, 8 *Ga. App.* 775 (70 S. E. 203).

(b) However, the arising of such an emergency does not relieve one from the obligation of exercising ordinary care, but is merely one of the circumstances which is proper for consideration in determining whether ordinary care has been exercised. *Atlanta & West Point R. Co.* v. *Jacob's Pharmacy*, 135 *Ga.* 113 (68 S. E. 1039); 45 C. J. 710, § 92.

(c) While the above charge was inaccurate, it was harmless error and not prejudicial to the rights of the defendant in the case.

5. The injuries which the jury were authorized to find had been incurred by plaintiff were not vague, uncertain, and indefinite. They were authorized to find that the plaintiff suffered bruises as a result of the defendant's car striking her car, that her nervous system was badly shocked and shattered, so that she was rendered unable to sleep soundly at night or drive her automobile as she formerly had, and that prior thereto she was in sound physical condition. These were proper elements of damage. *Williamson* v. *Central Ry. Co.*, 127 *Ga.* 125; *Western Union Telegraph Co.* v. *Ford*, 8 *Ga. App.* 514 (70 S. E. 65); *Ga. R. Co.* v. *Keating*, 99 *Ga.* 308 (25 S. E. 669); *White* v. *Knapp*, 31 *Ga. App.* 344 (120 S. E. 796).

6. The verdict in the case was not excessive, and was authorized by the evidence.

7. It follows that the court did not err in overruling the motion for new trial.    *Judgment affirmed. Jenkins, J., and Stephens, J., concur.*

DECIDED AUGUST 20, 1932.

*Brock, Sparks & Russell,* for plaintiff in error.
*Walter DeFore, James C. Estes, V. J. Adams,* contra.