28308. DAVIS *v.* GEORGIA COATING CLAY COMPANY.

DECIDED SEPTEMBER 24, 1940.

*Julian F. Urquhart, Hallie B. Bell*, for plaintiff.
*Hall & Bloch*, for defendant.

GARDNER, J. The plaintiff brought suit for the homicide of her twenty-year-old son and alleged that the defendant operated a clay mine in Twiggs County from which it had the clay transported to

its manufacturing plant in Bibb County. Her son was employed by Sawyer & Childs to operate a truck for them, in hauling this clay from Twiggs County to Bibb County. At the time of the homicide the son was driving a two-ton Dodge truck which was loaded with five tons of clay, which load was an overload on said truck greater than its capacity and ordinary use. While engaged in driving said truck from the mine of the defendant to its plant, by reason of the overload the spindle of the right front wheel gave way, causing the front end of the truck to drop down and overturn on plaintiff's son, the driver of the truck, causing his death. The petition further alleged that the defendant and its agents knew or ought to have known by previous knowledge that the act of overloading the truck beyond its capacity was in its nature dangerous to the driver and that it was violative of the statute law of Georgia, and that the defendant used and retained complete control and direction of the loading of said truck, so that its acts and those of its servants in overloading said truck were the direct cause of the wrecking of said truck and the homicide of the driver. Error is assigned on the order sustaining a general demurrer to the petition.

It will be seen that the entire negligence alleged was the overloading of the truck. No reason was assigned showing that the driver was not as well acquainted with this fact as the defendant or any of its employees. Construing the petition most strongly against the plaintiff, it appears that the driver knew the capacity of the truck, the size of the load placed thereon, and the dangers attendant thereto, and that with full knowledge of these facts he continued to operate the truck under such conditions. Although the petition alleged that the deceased was employed by Sawyer & Childs to operate their truck in hauling the products of the defendant company, it also alleged that the defendant assumed and exercised the right of control of the loading of said truck, and irrespective of whether the deceased's relation to the defendant was that of employee or an employee of an independent contractor, he, by that relationship, assumed the ordinary risks of his employment. It was not alleged that the master furnished defective machinery or incompetent fellow servants, as required under the provisions of Code, § 66-301. The entire act of negligence alleged was the overloading of the truck.

Without any extended discussion, it is apparent from the facts alleged in the petition that the alleged act of negligence of the defendant in overloading the truck was well known to the driver. No reason was assigned to show that the danger was not as obvious to him as it was to the defendant or its agents in charge of the loading of the truck. The law "implies an agreement on the part of the servant to assume the risk of such dangers as are within his knowledge, or as he can discover and foresee by the exercise of ordinary care." *Brown* v. *Rome Machine & Foundry Co.*, 5 *Ga. App.* 142 (2-*b*) (62 S. E. 720). If there was no relation of master and servant between the defendant and the driver of the truck, it is apparent from the allegations of the petition that the driver by the use of ordinary care for his own safety could have avoided the consequences of the alleged negligence of the defendant. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*