28382.   LUKE *v.* POWELL *et al.,* receivers.

DECIDED DECEMBER 3, 1940.

*J. A. Hixon, E. F. Taylor,* for plaintiff.
*Dykes, Bowers & Dykes,* for defendants.

STEPHENS, P. J.   This case is in this court as the result of the sustaining of a general demurrer to the petition as amended, and the consequent dismissal thereof.   The plaintiff alleged in his original petition that he was injured when his automobile was struck by a train of the defendants at a public street crossing in the City of Plains, which collision of the train with his automobile resulted from the failure of the servants in charge of the defendants' engine to comply with the requirements of Code, § 94-506, as to blowing the whistle of the locomotive upon approaching a crossing, from the failure of the defendants to have the locomotive equipped with a proper whistle, as contemplated by the act of 1918, supra, and from the failure of the engineer of the train to keep a proper and vigilant lookout as the train approached the crossing, and because he operated the train at a dangerous and rapid speed, and failed to slow its speed on approaching the crossing.   By amendment the plaintiff alleged that the crossing was located within the corporate limits of the City of Plains, and that the engineer of the train which struck his automobile did not toll the bell of the locomotive in approaching the crossing as required by statute, "nor did not otherwise in any manner signal its approach to said crossing than as herein set forth."

The plaintiff is not entitled to recover on the alleged acts of

negligence relative to the failure of the engineer to blow the whistle of the locomotive as required by the Code, § 94-506, as the train approached the crossing, which was within the limits of an incorporated city, and relative to the defendants' failure to have such locomotive equipped with the proper whistle. The statutory requirement as to blowing the whistle upon approaching a crossing has no application to a crossing in an incorporated city, town, or village. Code, § 94-507; *Elberton & Eastern R. Co.* v. *Thornton*, 32 *Ga. App.* 259 (3) (122 S. E. 795), and cit.; *Chandler* v. *Pollard*, 64 *Ga. App.* (12 S. E. 2d, 190). It necessarily follows that the failure of the defendants to have the locomotive equipped with a whistle, as required by Ga. L. 1918, p. 212, was not actionable negligence on the part of the defendants with reference to the plaintiff. However, under the Code, § 94-507, the engineer of a locomotive is required to maintain a vigilant lookout ahead as his train approaches a crossing in a municipality, and to exercise ordinary care to avoid injury to persons and property at or on a public crossing. The petition alleges a failure so to do on the part of the defendants' engineer, and alleges that had such engineer maintained a constant and vigilant lookout and exercised the proper care as the train approached this crossing, that is, had the train been safely and properly operated and not been operated at the speed of 25 to 30 miles an hour as it approached the crossing, the collision would not have occurred. By the amendment the plaintiff charges that the engineer in charge of the train did not toll the bell of the locomotive as the train approached this crossing, which was within the incorporate limits of a municipality, in violation of the requirements of the Code, § 94-507. The failure of the engineer so to do, where it appears from the allegations of the petition that there was a causal connection between such failure and the collision at the crossing, was actionable negligence on the part of the engineer.

Whether or not the engineer maintained such lookout and exercised the degree of care imposed by law in approaching this crossing, which under the allegations of the petition was known to be constantly used by the public, and which, on account of certain buildings and obstructions near the railroad tracks and of a curve in the tracks, was concealed from the view of the engineer until he was in close proximity thereto, and where the view of a traveler

along the highway of an approaching train was likewise obstructed, of which the petition charges that the engineer had knowledge, it can not be held as a matter of law that the engineer exercised the degree of care imposed on him by law in approaching the crossing, or that his failure to do so did not constitute the proximate cause of the collision. It therefore appears that the petition as amended sufficiently alleges actionable negligence on the part of the servants of the defendants, and sets out a cause of action entitling the plaintiff to recover, unless it appears under the allegations thereof that the plaintiff's injury was caused by his own negligence or failure to exercise due care to avoid the consequences of the defendants' negligence, after he was aware of the defendants' negligence, or in the exercise of reasonable diligence should have apprehended the existence thereof. See *Pollard* v. *Hagan,* 60 *Ga. App.* 581 (4 S. E. 2d, 477) ; see also *W. & A. R. Co.* v. *Mathis,* 63 *Ga. App.* 172 (10 S. E. 2d, 457).

In an action for injury resulting from negligence the plaintiff is not obliged to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence. However, in the petition as amended the plaintiff alleges in substance that he was on the alert, and exercised due care as he approached the crossing, in that he approached the crossing at a speed of around 12 or 15 miles per hour and looked up and down the railroad tracks and did not see a train approaching; that because of certain obstructions near the tracks he could see only a short distance towards the east along these tracks, and that when he got upon the crossing and was upon the main-line track he saw for the first time the train approaching from the east within 25 feet of him and running at a rapid speed of about 25 or 30 miles an hour. It is also alleged that just before the plaintiff reached the crossing he heard what he thought to be an automobile or school bus or truck blowing, and continued to look up and down the railroad tracks, but could not see very far on account of obstructions; and that just as he drove the automobile upon the crossing he observed the train as alleged, which was being pulled by a gasoline engine, and that he undertook, in the emergency, what he thought was his safest plan to avoid a collision, an increase in the speed of his automobile in order to get across the crossing, and that had the engineer exercised due care in approaching the cross-

ing, and had he not approached such crossing at the rapid speed alleged, the plaintiff would have had ample time to get off the crossing before being struck. In an action against a railroad company for injuries received by a person lawfully upon a railroad crossing, the question of what such person must or must not do in order to free himself of guilt of lack of ordinary care constituting the proximate cause of his injury is one for the jury. *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759, 761 (154 S. E. 718); *Pollard* v. *Cartwright*, 60 *Ga. App.* 630 (4 S. E. 2d, 693). The duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until such negligence becomes apparent, or an ordinary person could apprehend its existence, and unless it appears as a matter of law that the plaintiff was negligent this is a jury question.

It does not appear as a matter of law, from the petition as amended, that the plaintiff was injured as a result of his own negligence, or failure to exercise due care to avoid the consequences of the defendants' negligence after he became aware thereof. Where one is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. However, the arising of such emergency does not relieve one of the obligation to exercise ordinary care, but it is merely one of the circumstances which are proper for consideration in determining whether ordinary care has been exercised. He is to be dealt with in the light of his surroundings at that time, and he is not necessarily negligent even though his judgment was wrongly exercised. See *Napier* v. *DuBose*, 45 *Ga. App.* 661 (4) (165 S. E. 773). Under the facts as alleged it is a question for the jury to determine whether such an emergency did exist, and if it did, whether or not the plaintiff used ordinary care in increasing the speed of his automobile in order to get off the crossing. See *Central of Ga. Ry. Co.* v. *Barnes*, 46 *Ga. App.* 158 (167 S. E. 217), where the facts were similar to the case under consideration, and in which the court held that the trial judge properly overruled the demurrer to the petition; also *Brown* v. *Savannah Electric & Power Co.*, 46 *Ga. App.* 393 (3) (167 S. E. 773). The attempt of the plaintiff, who was not aware of the approach of the train, to cross the railroad tracks at this crossing can

not, as a matter of law, be said to constitute such negligence on his part as would bar a recovery. *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (140 S. E. 921).

Applying the above principles, the court erred in sustaining the general demurrer and dismissing the petition. The special demurrers were without merit. The petition was very voluminous, went into details, and alleged all the facts upon which these conclusions were based.

*Judgment reversed. Sutton and Felton, JJ., concur.*