30519. SAVANNAH ELECTRIC & POWER CO. *v.* RUSSO.

398

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error.
*Oliver, Oliver & Davis,* contra.

PARKER, J. This is a suit for damages brought by Joe Russo against Savannah Electric & Power Company. The judge over-ruled demurrers, general and special, to the petition, and the defendant excepted.

The petition alleged substantially that the plaintiff was driving his truck (about 12 feet in length) with trailer (about 22 feet long) attached eastwardly on Bolton Street in the City of Savannah, at a speed of approximately 10 miles per hour, and came to the intersection of Bolton and Habersham Streets for the purpose of crossing the street-railway tracks of the defendant which run northwardly and southwardly on Habersham Street, which is about 40 feet wide; that two lines of tracks with about 5 feet space between them occupy about 15 feet in the center of said street, thus leaving a width of about 12½ feet from the street curb to the track-rail on each side of the street. When the plaintiff reached a point where he could look to the south to ascertain whether a street-car was approaching, he saw the street-car coming at Wald-burg Street fully 300 feet away. He could not accurately judge the speed of the street-car as it approached him, but he knew that if it was not running at an unlawful rate of speed he had ample time to cross both tracks with his trailer before the street-car would reach him. When the street-car was about 50 feet from the plaintiff, he was able to detect a rapid rate of speed, fully 30 miles per hour, and he then endeavored to speed up his truck so that the trailer would clear the eastern track before it was hit by the street-car; but this he was unable to do, and when the rear of the truck was on the eastern track, the rear end of the trailer was struck by the street-car with great force and violence and the damages sued for inflicted. The trailer was loaded at the time with 13,000 pounds of fish. It was alleged that the injury and damage sustained were due entirely to the fault and negligence of the defend-

ant in the operation of its street-car, and that the plaintiff was free from fault. Specific acts of negligence on the part of the defendant were charged as follows: (a) In not reducing the speed of the street-car as it approached the intersection of the two streets, when the truck and trailer were in plain view and between 200 and 300 feet away; (b) in running the street-car at a rapid and unlawful rate of speed, fully 30 miles per hour, as it approached said intersection; and (c) in not applying the brakes to the street-car when it was apparent to the operator that the striking of the plaintiff's trailer was unavoidable. By amendment the plaintiff alleged that the car of his truck was approximately on the west line of Habersham Street before he could look to the south to ascertain whether a street-car was approaching, and when he first saw the street-car, it was too near (about 300 feet distant) to make it prudent for him to attempt to stop his heavily laden truck and trailer before reaching the first street-car track about 10 feet in front of the truck. Because of buildings on the southwest corner of Habersham and Bolton Streets, which are approximately on the east line of the lot, and a row of bushes and trees, about 15 feet high, growing just north of Bolton Street lane, the plaintiff could not see the street-car before he was about on a line with the west side of Habersham Street. When the plaintiff saw the street-car, the front of his truck had to advance not more than 60 feet before the rear end of the trailer would have cleared the eastern street-car track, and while the plaintiff was traveling approximately 55 feet, the street-car, without slackening its speed, struck the trailer before it cleared the track. The heavy load on the plaintiff's truck prevented him from increasing its speed appreciably above 10 miles per hour.

■ The first special demurrer questions the sufficiency of the allegations as to the distance of the plaintiff's truck on Habersham Street from the curb, or from the track, when the plaintiff could first look to see whether a street-car was approaching. The second special demurrer challenges the sufficiency of the allegations as to the repairs made on the trailer. These demurrers were amply met by the plaintiff's amendment. The third special demurrer attacks the allegations of the petition, setting out specific acts of negligence, as conclusions of the pleader. "A pleader may, without subjecting his petition to demurrer, allege matters by way of general

conclusion, where the specific facts upon which the conclusion rests are detailed with requisite definiteness." *Pacetti* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 97 (3) (64 S. E. 302). The conclusion of the pleader is demurrable only when the facts alleged do not support it. We think the allegations of the petition here fully support any conclusions that may be alleged, and that this ground of demurrer is not good.

■ It is the contention of the plaintiff in error that this is a case in which the defendant in error, as the driver of the truck and trailer that were damaged, simply miscalculated speeds and distances as to the street-car and his own vehicle, and took a chance on being able to cross the railway tracks and lost; and that this was such negligence on his part as will prevent a recovery by him. This contention is based on the rulings in *Columbus Railroad Co.* v. *Holcombe*, 22 *Ga. App.* 676 (79 S. E. 194) ; *Haddon* v. *Savannah Elec. & Power Co.*, 36 *Ga. App.* 183 (136 S. E. 285) ; *Pickard* v. *Georgia Power Co.*, 41 *Ga. App.* 605 (154 S. E. 206) ; *Kirk* v. *Savannah Elec. & Power Co.*, 50 *Ga. App.* 468 (178 S. E. 470), and similar cases. We have carefully considered all of the cases cited by the plaintiff in error and have reached the conclusion that they differ materially or substantially on their facts from the case at bar. The defendant in error here was not, under the allegations of his petition, negligent to such a degree that a court can say as a matter of law he cannot recover because he decided, in viewing the situation that confronted him, that he could cross ahead of the street-car. A simple analysis of his petition shows that he merely concluded that he could drive the truck and trailer, going about 10 miles per hour, a distance of 60 feet and away from danger, before the street-car, running at a lawful and reasonable rate of speed, could advance approximately 300 feet. This decision on the part of the driver of the truck was not such negligence as would authorize the court to say he could not recover. It is after all a question whether the party injured could, by the exercise of ordinary care, have avoided the injury, and where the facts alleged do not show such conduct on his part as to amount to negligence per se, the question as to the exercise of ordinary care is for the jury. Even where it is a doubtful question whether the plaintiff could or could not have avoided the injury by ordinary care, the case should be submitted to a jury. It cannot be said, as a matter of law, that failure on the part of

one approaching and entering a railroad crossing, and unaware of the approach of a train, to stop, look, and listen, makes him guilty of the lack of ordinary care. The question of contributory negligence, where a plaintiff did not see a street-car until he was on or nearly on the track, and then thought he could get across ahead of the street-car, was held to be for the jury. Clark v. Bennett, 123 Cal. 275 (55 Pac. 908). Where one is confronted with a sudden emergency, without sufficient time to determine accurately and with certainty the best thing to be done, he is not held to the same accuracy of judgment as would be required of him if he had more time for deliberation. See Brown v. Savannah Elec. & Power Co., 46 Ga. App. 393 (167 S. E. 773), in which these principles are ably discussed and supported by many citations. Under the rulings of this court in the Brown case and in Luke v. Powell, 63 Ga. App. 795 (12 S. E. 2d, 196), and under the citations in those cases, the court did not err in overruling the general demurrer to the petition of the plaintiff.

Judgment affirmed. Sutton, P. J., and Felton, J., concur.