## 33796. EVANS v. CARROLL.

Decided January 17, 1952.

*Pittman, Hodge & Kinney, J. Paxson Amis,* for plaintiff in error.

*Field & Hancock, Dudley G. Hancock,* contra.

GARDNER, J. This case is in this court solely on the overruling of a general demurrer. It appears from the petition that the plaintiff was confronted with an emergency brought about as a result of the alleged negligence of the defendant. He had two choices, one being to collide with the truck in front of him, and the other being to swerve to the right of the truck and into the ditch beside the road. It cannot be said as a matter of law that the plaintiff was negligent in undertaking to avoid striking this truck in front of him and thereupon driving off the road and into the ditch. "Where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation." *Napier v. DuBose,* 45 *Ga. App.* 661 (4-a) (165 S. E. 773); *Savannah Electric &c. Co. v. Russo,* 71 *Ga. App.* 397, 401 (31 S. E. 2d, 87), citing *Brown v. Savannah Electric &c. Co.,* 46 *Ga. App.* 393 (167 S. E. 773).

Code (Ann. Supp.) § 68-314 provides that "It shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle . . on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of said State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway." Also, Code § 68-309 provides that no person shall place obstructions in the highway as to other users thereof nor "unreasonably obstruct or impede the right" of others to drive thereon. The plaintiff was entitled to travel on this highway in order to reach some place at which he could have the brakes on the jeep repaired. At the time he endeavored to do this, he did not know that the jeep was further defective to such an extent that the gears could not be shifted

into low gear in order to retard the speed of the jeep. The defendant, the employer of the plaintiff, was under a duty to furnish to the plaintiff and his fellow employees at the mill, a safe conveyance to transport them from the mill to Chatsworth, where they lived. It cannot be said as a matter of law that the defendant was not negligent in this particular. Except in plain and unmistakable cases, all such matters, including the plaintiff's failure to use due care in the premises, are questions for the jury. It cannot be said that the injuries received by the plaintiff were caused by his own failure to exercise due care for his own safety either in driving the jeep or in taking to the ditch when he was confronted with the sudden emergency, and also discovered that the jeep could not stop nor could its speed be retarded because of the defective gears. It cannot be said that the alleged negligence of the plaintiff was the sole proximate cause of the injuries. It is contended by the defendant (plaintiff in error here) that since the petition shows that the plaintiff was negligent, he cannot recover against the defendant. Under the comparative-negligence rule which prevails in this State, it is a jury question whether the plaintiff was more negligent than the defendant under the allegations of the petition. If the defendant was more negligent than the plaintiff, even though the plaintiff was in some degree negligent, the plaintiff would be entitled to recover. These are jury questions. Counsel for the plaintiff in error rely upon excerpts from Code § 66-303, and contend that *Davis* v. *Ga. Coating Clay Co.*, 63 *Ga. App.* 265 (11 S. E. 2d, 60) is authority to the effect that the court erred in overruling the demurrer in the instant case. In reading that decision in the light of its facts and the facts of the case at bar, the contentions of counsel for the plaintiff in error are not tenable.

It follows that the trial judge did not err in overruling the general demurrer to the petition.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*