35385. HEALAN *et al. v.* POWELL *et al.*

788

DECIDED MARCH 17, 1955—REHEARING DENIED APRIL 1, 1955.

*Harold E. Ward, Johnson & Johnson, Hammond Johnson,* for plaintiffs in error.

*Lester F. Watson, Nelson & Nelson,* contra.

NICHOLS, J. ■ Special ground 8, in which it is contended

that the trial court erred in directing a verdict in favor of the defendant Carlus Gay, and special grounds 1 and 2, in which it is contended that the trial court erred in refusing to admit testimony offered by two of the plaintiffs' witnesses as to the reputation of Powell as an incompetent driver of an automobile, will be considered together. After the decision in *Gay* v. *Healan,* supra, and before the trial, the plaintiffs struck all provisions of the petition in which it was sought to recover against Gay on the theory of respondeat superior, and the case proceeded to trial against the two defendants on the theory that the death of the mother of the plaintiffs was brought about as a proximate result of the negligence of the defendant Powell in the operation of the automobile which collided with the one in which plaintiffs' mother was riding, and the negligence of the defendant Gay in furnishing the defendant Powell with a Ford automobile equipped with a Cadillac motor, which was "souped up" and as such a dangerous instrumentality; that the defendant Powell was a reckless and incompetent driver of an automobile, which fact was known or in the exercise of ordinary care could and should have been known to the defendant Gay, and that accordingly Gay was liable for these negligent acts.

As to special ground 8, the trial court properly directed a verdict in favor of the defendant Gay because the uncontradicted evidence showed that Gay did not furnish the automobile in question to Powell, but that the latter obtained it from another source without the knowledge of Gay and at a time when Gay was away from his home county. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code § 110-104. "The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded." *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559 (2) (35 S. E. 777).

As to special grounds 1 and 2, the rejected testimony

might have been admissible against Gay, since it was in support of the allegations of the petition as to him. However, proof of the reputation of Powell as an incompetent driver would not have benefited the plaintiff, as the defendant Gay would still have been entitled to have a verdict directed in his favor. However incompetent and reckless Powell may have been as a driver of an automobile, and whatever his reputation in this respect, a verdict would not have been authorized against Gay, since the evidence failed to support the allegations of the petition that the defendant Gay furnished to the defendant Powell the automobile in question, but on the other hand demanded a finding to the contrary. The evidence was not admissible as against Powell, for in actions arising out of automobile collisions, the issue is the negligence or non-negligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties. *Cox* v. *Norris*, 70 *Ga. App.* 580 (28 S. E. 2d 888); Code § 38-202. Accordingly, these grounds of the amended motion for new trial are without merit.

■ Special ground 3 complains that a report of the Georgia State Patrol, containing the opinions of the investigating officers, was admitted in evidence over the objection of the plaintiffs. This ground is without merit because evidence to the same effect was admitted without objection. *New York Life Ins. Co.* v. *Ittner*, 62 *Ga. App.* 31 (4) (8 S. E. 2d 582).

■ ■ Special grounds 4 and 5 complain of certain excerpts from the charge of the court, to the effect that the plaintiffs could not recover if the decedent was not in the exercise of ordinary care for her own safety, and special ground 6 complains of a portion of the charge relating to comparative negligence, or contributory negligence on the part of the decedent such as to bar the plaintiffs from recovery. Since the evidence demanded a finding that Mrs. Healan was a guest in the automobile in which she was riding and could not drive an automobile, and there was no evidence whatever to the effect that she was negligent in any way, it was error to charge these principles of law so as to present to the jury the question of whether the guest passenger had failed to exercise ordinary care for her own safety so as to preclude recovery, or had contributed by her negligence

to her injuries in such manner as to reduce a recovery by the plaintiffs. *Bellamy* v. *Georgia Power Co.,* 67 *Ga. App.* 569 (21 S. E. 2d 294); *Wade* v. *Drinkard,* 76 *Ga. App.* 159 (45 S. E. 2d 231).

■ Special ground 4 complains that the trial court erred in charging the jury as follows: "And I charge you also, gentlemen of the jury, as applied to the plaintiff. Everyone operating an automobile on a public street or thoroughfare, is required to use ordinary care [describing ordinary care]. If one should be injured while operating an automobile upon a public street or thoroughfare, and such injury was the result of his failure to use ordinary care for his own safety, and could have been prevented by the use of such care on his part, he could not recover for injury sustained." The plaintiff contends that this portion of the charge was error, in that the deceased was not shown by any evidence to have been the driver of the automobile in which she was riding, but that all the evidence was that her husband was driving the automobile in which she was riding. Inasmuch as all the testimony on the trial was that the deceased Mrs. Healan was riding as a guest passenger in the automobile being driven by her husband, and the only testimony with reference to her driving was that she did not know how to drive and did not have a driver's license, the portion of the charge complained of in this ground was reversible error because it was not applicable to the guest, as there was no evidence to support the charge. "It is the duty of the court to instruct the jury as to the law applicable to every material issue in the case, even in the absence of any request; but where an issue, though raised in the pleadings, is not supported in the evidence, it is error to charge upon any issue which is not supported by evidence." *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) (158 S. E. 20); *Dewees* v. *National Convoy &c. Co.,* 62 *Ga. App.* 294, 296 (7 S. E. 2d 915).

■ The charge of the court on the subject of emergency and last clear chance, set out in special ground 7 of the amended motion for new trial, was without error. See, in this connection, *Napier* v. *DuBose,* 45 *Ga. App.* 661 (4) (165 S. E. 773); *Evans* v. *Carroll,* 85 *Ga. App.* 227 (68 S. E. 2d 608); *Savannah Elec. &c. Co.* v. *Russo,* 71 *Ga. App.* 397 (31 S. E. 2d 87); *Doyle* v.

*Dyer,* 77 *Ga. App.* 266 (2) (48 S. E. 2d 488). As the charge on this subject is fairly long, and was framed in the light of specific situations which the jury would have been authorized to find from the evidence, it is not set out in full, but the court did not, as contended, express an opinion as to what had been proved by the evidence, was not argumentative, and did not instruct the jury that an emergency in fact existed, but rather charged applicable principles of law in the event the jury found such emergency to exist. Accordingly, this portion of the charge is without error.

■ The errors discussed in subdivision 3 (a) hereof cannot be held to have been harmless on the ground that a verdict was demanded for the defendant Powell. Under his own testimony, the jury could have found that he was guilty of negligence per se in driving in excess of the speed limit. One violating traffic rules and regulations cannot presume that others will obey the traffic laws, but it is incumbent upon him to anticipate that others like himself may disregard them. *Williams* v. *Grier,* 196 *Ga.* 327, 338 (26 S. E. 2d 698). Since the jury might have been authorized to find under this evidence that the defendant Powell was guilty of negligence per se, they might also have found that this negligence concurred with the negligence of the operator of the car in which Mrs. Healan was riding in causing her injuries and death. Accordingly, these errors in the charge must be held so harmful as to require a reversal.

Special ground 9 was not approved by the trial court.

The trial court did not err in directing a verdict in favor of the defendant Gay. The court erred in denying the motion for a new trial as to the defendant Powell.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*

### On Motions For Rehearing.

Charlie Powell, one of the defendants in error, made a motion for rehearing, in which as amended it is contended that this court did not take into consideration, in its ruling upon the court's charge as to ordinary care as applied to Mrs. Healan, the cases hereinafter referred to. In *Deen* v. *Wheeler,* 7 *Ga. App.* 507, 517 (67 S. E. 212), while there was an intimation that, if the allegations in the pleadings or the evidence required a charge on diminution of damages, it would have been error not to so

charge, the decision in that case was based on the fact that there was nothing in the pleadings or the evidence to require such a charge. The case is not authority for holding that a charge on the subject would be required where based on the pleadings alone.

In *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460 (2b) (123 S. E. 757), while the headnote states that a charge on ordinary care is required where the pleadings alleged that the plaintiff was in the exercise of ordinary care and the averment was denied in the plea and answer, the opinion in that case shows that there was evidence to authorize such a charge as applied to the plaintiff. In the present case, there was no testimony that the deceased was negligent in any manner, and the remaining cases cited by the movant are distinguishable. Nor can any inference be drawn that she was driving the automobile, since the testimony of the defendant Powell was positive that Mr. Healan, not Mrs. Healan, was driving the car. Under the facts in the present case, this court is bound by the rulings in *Bain* v. *Athens Foundry & Machine Works*, 75 *Ga.* 718 (3); and *Hare* v. *Southern Ry. Co.*, 61 *Ga. App.* 159 (6 S. E. 2d 65), where it was held: "There being no evidence to show that the deceased contributed in the slightest degree to the injury which caused his death, the charge of the court on the subject of contributory negligence was not founded on the evidence and was erroneous." *Hare* v. *Southern Ry. Co.*, is directly in point, as an examination of the original record in that case shows that the petition alleged that the deceased "Could not, by the exercise of ordinary care on his part, have avoided the consequences of the defendant's negligence." This averment was denied in the defendant's answer, and this court ruled that in the absence of any evidence a charge on the subject of contributory negligence was error.

The movant in his amended motion for new trial also cites *Hatcher* v. *Bray*, 88 *Ga. App.* 344, 347 (5) (77 S. E. 2d 64), where it was held that "The jury could infer that she [the driver] was not keeping a proper lookout; and from the fact that the plaintiff was seated beside her on the front seat, the jury could infer that the plaintiff [guest passenger] was aware of Miss Bray's failure to keep a proper lookout, and to find that in the exercise of ordinary care the plaintiff should have cau-

tioned her to do so." On motion for rehearing in that case, the court in support of its ruling that the charge on ordinary care was applicable stated: "It is also inferable that the plaintiff could have, in the exercise of ordinary care, discovered Miss Bray's inattention and warned her to keep a proper lookout, and this is true under the particular circumstances of this case, for the reason that she was seated beside Miss Bray on the front seat of the car, and she at no point in her testimony said that she was not looking or did not look at Miss Bray." The present case is distinguishable from that case, in that the "guest passenger" was present and testified on the trial of the case, whereas in the present case the "guest passenger" was killed as the result of the collision, and therefore was not present and could not and did not testify on the trial. It follows that no inferences could be drawn, as the movant contends, from the lack of her testimony.

The plaintiff in error also filed a motion for rehearing as to the defendant in error, Carlus Gay, but it is without merit and is denied.

*Motions for rehearing denied. Felton, C. J., and Quillian, J., concur.*