39267.   SOUTHERN RAILWAY COMPANY
v. JOHNSON.

DECIDED MARCH 15, 1962.

*Wheeler, Robinson & Thompson, Emory F. Robinson, B. Carl Buice,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt, Dudley S. Hancock,* contra.

FELTON, Chief Judge. ■ The court did not err in overruling the general demurrers to the petition, in overruling the general grounds of the motion for a new trial, and in denying the motion for a judgment notwithstanding the verdict. Under the allegations of the petition and the evidence, the jury was authorized to find that, if the agent of the railroad motioned the plaintiff to cross the tracks, he was not absolutely barred from recovery by what they might have found was contributory negligence on plaintiff's part in not looking out for the rolling car rather than relying solely on the agent's signal to cross the tracks. The contention that the railroad did not cause the plaintiff's injuries in getting out of his automobile to avoid being injured by the rolling car is not well founded because, if the emergency was found by the jury to have been caused by the railroad's negligence, they could have found that the railroad's negligence caused the plaintiff's injuries in his effort to escape the consequences of the emergency, in which circumstance the plaintiff was not chargeable with the negligence he might have been charged with in the absence of an emergency. *Smith v. Wrightsville &c. R. Co.*, 83 Ga. 671 (1) (10 SE 361); *Southern Ry. Co. v. Crabb*, 10 Ga. App. 559 (1) (73 SE 859); *Cochran v. Kendrick*, 43 Ga. App. 135, 141 (158 SE 57); *Georgia Power Co. v. Bell*, 43 Ga. App. 559 (3) (159 SE 589); *Central of Ga. Ry. Co. v. Barnes*, 46 Ga. App. 158, 160 (1c) (167 SE 217); *Pollard v. Weeks*, 60 Ga. App. 664, 665 (1c) (4 SE2d 722); *Luke v. Powell*, 63 Ga. App. 795, 804 (12 SE2d 196); *Savannah Electric &c. Co. v. Russo*, 71 Ga. App. 397, 401 (2) (31 SE2d 87); *Evans v. Carroll*, 85 Ga. App. 227 (68 SE2d 608); *Strickland v. Foughner*, 63 Ga. App. 805 (3) (12 SE2d 371).

■ The first special ground of the amended motion for a new trial complains of the refusal to give the following requested charge: "You are instructed that the law of Georgia provides: Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within 50 feet from the nearest rail of such railroad, and shall not proceed until he can do so safely when: (a) A clearly visible electric or mechanical signal device gives warning of the immediate ap-

proach of a train. (b) . . . (c) An approaching train is plainly visible and is in hazardous proximity to such crossing. Georgia Code Ann. § 68-1661. The jury should look to all the evidence adduced upon the trial of this case and determine for themselves whether or not there was a clearly visible electric or mechanical signal device located at the crossing in question and whether it was giving warning of the immediate approach of a train at the time and place, whether an approaching train was then plainly visible and in hazardous proximity to the crossing, and whether or not the driver of the vehicle approaching the railroad crossing actually did stop the vehicle within 50 feet thereof, but not less than 15 feet from the nearest rail of such railroad. If you find that there was a clearly visible electric or mechanical signal device, giving warning of the immediate approach of a train, or if you find that an approaching train was plainly visible and in hazardous proximity to the crossing, and that the driver of the vehicle approaching the crossing proceeded before he could do so safely, you are instructed that such would amount to negligence per se. All of these matters are for the determination of the jury and you will look to the facts and circumstances and all the evidence adduced before you to determine these questions." The court did not err in refusing to give the requested charge because it was not perfect in itself in that it would have required the jury to make a finding without taking into consideration the testimony of the plaintiff to the effect that the plaintiff testified that the railroad's agent "motioned" him to cross the tracks and the legal consequence of such fact if the jury found it to be true.

■ The second special ground of the amended motion for a new trial is without merit. The only valid exception in this ground is to the failure of the court to exclude the evidence given the day before by a witness to the effect that, prior to the collision, 1955 model Chevrolets were selling for $1,295, the ground of the motion being that no proof was offered as to the fair market value of the particular automobile involved and that no proof was offered as to whether other 1955 model vehicles were of the same condition and state of repair as the one under investigation. The witness testified that other 1955 model

Chevrolets were selling for $1,295. He also testified that the car under investigation was an unusually clean car. We think that the intendment of the witness's testimony was that the same model 1955 Chevrolets in similar condition to the car involved were selling for $1,295. If it meant that 1955 Chevrolets of the same model which were not in as good condition as the car in question were selling for $1,295, the evidence was certainly not harmful to the defendant. We think that this evidence could have been found by the jury to show that a minimum market value for 1955 Chevrolets for the same model as was involved was $1,295.

■ Ground three of the amended motion for a new trial complains of the excerpt from the charge which authorized a recovery for permanent pain and suffering when there was allegedly no pleading and evidence which authorized it. This ground is without merit. The petition alleged that the petitioner brought his action for physical and mental pain and suffering, past, present, and future. The evidence authorized the finding that some pain and suffering from the injuries would be permanent. The testimony of Dr. Arthur Pruce, alone, would have authorized a finding that the pain and suffering would be permanent. Dr. Pruce testified: "I feel that the residual pain that Dr. Funk found and the discomfort from it will persist indefinitely, but would be hesitant to say more not having seen the patient since 1959. It is record that these findings are still present almost three years since I saw him. Thus, I would infer that he would continue to have pain and discomfort in the neck and the back. As to whether that is a permanent disability, I don't think that this would be disabling as far as livelihood is concerned, but it would be a permanent disability as far as pain and discomfort in doing work and living with such pain and discomfort is what this man has to cope with. You ask me that since Dr. Funk and I are pretty close together whether I agree with Dr. Funk's conclusion stated in his report that Mr. Johnson is not disabled to the point of having it interfere with his activity. Apparently, he is not. If these things that you tell me are so and I accept them as such. I am aware that he does drive or has driven a school bus and I do not feel that we

are dealing here with something that will handicap him from making a living. I do feel that he does have residual pain and discomfort."

The court did not err in overruling the demurrer to the petition or in denying the amended motion for a new trial or the motion for judgment n.o.v.

*Judgments affirmed. Bell and Hall, JJ., concur.*