ARGUED SEPTEMBER 7, 1965—DECIDED OCTOBER 20, 1965—
REHEARING DENIED NOVEMBER 4, 1965.

41459, 41460. YOUNG v. TATE (two cases).

604

*Lokey & Bowden, Glenn Frick,* for plaintiffs in error.

*Greeley Ellis, Thomas F. Choyce, Tarleton & Zion, John J. Tarleton,* contra.

Frankum, Judge. Mrs. Ethel Irene Tate filed suit against Van Bibb Saye and Daniel W. Young to recover damages for personal injuries and damage to her automobile sustained when the automobile of Young collided with her automobile. Her husband, J. W. Tate, filed suit against the same defendants to recover medical and hospital expenses incurred by him on behalf of his wife and for loss of her services. The allegations of each petition make substantially the following case: The plaintiff, Mrs. Tate, was driving her automobile in a westwardly direction along U. S. Highway 278, at about 11:20 P.M., on August 3, 1962, following an automobile driven by the defendant Saye. The defendant Young was approaching from the west in his automobile at the same time and place. Mrs. Tate observed the automobile driven by Saye veer to the left of the center line of the highway in front of Young's automobile, and in order to avoid becoming involved in a collision which she anticipated might occur between the automobiles of Saye and Young, she pulled her automobile onto the right shoulder of the highway. At the time Saye's automobile veered into the eastbound lane, Young was approximately 100 feet away traveling at a speed of about 40 to 45 miles per hour, and being thus faced with an emergency, he drove his automobile off the paved portion of the highway and onto the right hand shoulder of the highway in the direction which he was traveling, where he lost control, and after avoiding a collision with Saye's automobile, his automobile crossed the highway and collided with the left front of Mrs. Tate's automobile causing the injuries and damages sued

for.  Each petition charged the defendant Young with negligence, in that he failed to keep his vehicle under control so as to avoid the collision, failed to exercise due care and caution in the premises so as to avoid the collision, and failed to bring his vehicle to a halt before striking Mrs. Tate's vehicle.  The defendant Young filed a general demurrer to each petition, and after the petitions were amended, renewed his general demurrers. The trial judge overruled the general demurrer in each case, and the sole exception here in each case is to that judgment.

The plaintiff in error contends that the petitions show that the defendant Young was operating his automobile along the public highway in a lawful manner, and when confronted with a sudden peril not arising from any fault of his own, he exercised his right to avoid injury to himself; that in doing so he exercised such care as an ordinarily prudent person would exercise under the same or similar circumstances; that he was not guilty of any negligence proximately causing the plaintiffs' injuries, and that, under the facts alleged, the negligence of the defendant Saye in driving his automobile into the defendant Young's lane of travel in such close proximity to Young's automobile was the sole proximate cause of the plaintiffs' injuries.  The defendant Young thus invokes a sound rule of law respecting the doctrine of sudden emergency which has been applied by the courts of this State on many occasions.  See for example: *Everett v. Clegg,* 213 Ga. 168, 170 (97 SE2d 689); *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849); *Gatewood v. Vaughn,* 86 Ga. App. 823 (72 SE2d 728); *Williams v. Slusser,* 104 Ga. App. 412, 413 (3) (121 SE2d 796).  In the instant case, however, the plaintiffs have alleged that the defendant Young was guilty of negligence in three respects, and it is alleged that his negligence combined with the negligence of the defendant Saye to proximately cause the plaintiffs' injuries.  These allegations of negligence are rather general and might be subject to a timely filed special demurrer, but we do not have any exception to any ruling on special demurrer before us, and the allegations of negligence under the facts alleged are sufficient as against the general demurrers. *Pullman Palace Car Co. v. Martin,* 92 Ga. 161 (18 SE 364); *Seaboard A. L. R. v. Pierce,* 120 Ga. 230, 231 (1) (47 SE 581);

*Hudgins v. Coca-Cola Bottling Co.,* 122 Ga. 695, 698 (50 SE 974) ; *City of Rome v. Justice,* 40 Ga. App. 196 (3) (149 SE 88) ; *Smith v. Hodges,* 44 Ga. App. 318 (161 SE 284).

It is true that the arising of a sudden emergency "does not relieve one of the obligation to exercise ordinary care, but it is merely one of the circumstances . . . proper for consideration in determining whether ordinary care has been exercised," and the defendant "is to be dealt with in the light of his surroundings at that time, and he is not necessarily negligent even though his judgment was wrongly exercised." *Luke v. Powell,* 63 Ga. App. 795, 804 (12 SE2d 196). But as was said in *Georgia Power Co. v. Blum,* 80 Ga. App. 618, 625 (57 SE2d 18) : "In all cases where the minds of reasonable persons may disagree as to whether an act alleged to be negligent is in fact negligence, as well as in all cases where reasonable minds may disagree as to whether the negligence alleged concurred with the negligent acts of third persons as a proximate cause, these questions should go to a jury for decision." And in *Fetzer v. Rampley,* 81 Ga. App. 806, 809 (60 SE2d 184), it was held: "It is well settled that the degree of care after the emergency has been discovered is only that which, under all the facts of the case, a reasonably prudent man might be expected to exercise." In *Clackler v. Barnwell,* 83 Ga. App. 515 (3) (64 SE2d 384), this court held: "When one is confronted with a sudden peril or emergency, not created by any fault of his own, the requirement of such a one is ordinary diligence under all the facts and circumstances surrounding the situation. *This is a jury question.* What might be negligence under one set of circumstances, where there is no such peril or emergency, might not be negligence under another set of circumstances where there is a sudden peril or emergency." (Emphasis ours.)

The petitions were not subject to general demurrer, and the court did not err in overruling the general demurrers.

*Judgments affirmed. Bell, P. J., and Hall, J., concur.*