## 52015. RAYBON v. REIMERS.

CLARK, Judge.

Plaintiff and defendant were traveling in opposite directions on a two lane highway when plaintiff made a left turn across defendant's lane of travel and the vehicles collided. Plaintiff brought suit against defendant alleging the collision was caused by defendant's negligence. Defendant answered and counterclaimed, alleging plaintiff's negligence caused the collision. The jury returned a "dogfall[1] verdict." Accordingly, judgment was rendered in favor of defendant in the main action and plaintiff in the cross action, thereby defeating both claims. Plaintiff appealed.

1. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a). A verdict may only be directed in

---

[1]This colloquialism is derived from wrestling where it signifies a draw or tie.

situations where, if there were a determination the other way, it would have to be set aside by the court. Standard Acc. Ins. Co. v. Winget, 197 F2d 97 (34 ALR2d 250). It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851)." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878).

The evidence is conflicting with regard to the negligence of both plaintiff and defendant. Accordingly, the trial court did not err in failing to grant plaintiff's motion for a directed verdict as to liability.

2. Plaintiff contends the trial court erred in instructing the jury upon the law of sudden emergency. She argues that the evidence shows defendant's negligence contributed to the emergency situation and that, therefore, the sudden emergency rule is inapplicable.

Of course, "No one is entitled to relief from the consequences of neglecting to exercise ordinary care for his own protection and safety because failure to do so arose from an emergency brought about by his own act in voluntarily placing himself in a situation of peril." *Briscoe v. Southern R. Co.,* 103 Ga. 224 (28 SE 638); *Young v. Tate,* 112 Ga. App. 603 (145 SE2d 747). In this case, however, the evidence is in conflict as to whether defendant exercised a reasonable standard of care prior to the collision. Moreover, the evidence authorized a finding that the emergency could have been caused by plaintiff. The trial court did not err in charging the law of sudden emergency. See *Tittle v. McCombs,* 129 Ga. App. 148, 149 (199 SE2d 363).

3. Plaintiff contends the court erred in charging Code Ann. § 68A-302, that drivers of vehicles proceeding in opposite directions shall pass each other on the right, and, upon highways having two lanes of traffic, each driver shall yield to the other at least one-half of the main-traveled portion of the highway. The charge was adjusted to the evidence. See generally *Conner v. Downs,* 94 Ga. App. 482, 483 (1a) (95 SE2d 393).

4. Plaintiff's final enumeration of error relates to a

portion of the court's charge to which no exception was taken. It cannot be considered. Code Ann. § 70-207 (a); *Durrett v. Farrar,* 130 Ga. App. 298, 306 (203 SE2d 265).
*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED APRIL 5, 1976 — DECIDED APRIL 29, 1976.

*Mills & Chasteen, Ben B. Mills, Jr., Tillman, Brice, McTier, Coleman & Talley, George Talley,* for appellant.
*Young, Young & Ellerbee, F. Thomas Young, Walker, Yancey & Gupton, Reuben H. Yancey, Robert M. Clyatt,* for appellee.