*Attorneys,* for appellee.

## 56800. JOHNSTON v. WOODY.

BIRDSONG, Judge.

This case involves a suit for damages arising out of an automobile accident. Relevant to the appeal, the facts show that the appellant Johnston was proceeding west on I-285, a circumferential highway girding the City of Atlanta. The time was approximately 11 p.m. and Johnston was driving in the inner or left lane next to the median separating the two west-bound lanes from the two east-bound lanes. He admitted that the speed limit was posted at 55 mph and that he was driving 65-70 mph. He rather rapidly overtook another car proceeding in the same direction and in the same lane as Johnston was occupying. Johnston testified that when he had closed to approximately 100 feet, he attempted to apply the foot brakes but ascertained that the brakes were inoperative. He did not try his hand brakes. Johnston did not indicate that he made any type of evasive action, but collided with the car preceding him. Both cars swerved to the left into the median. The front car was able to stop in the median but Johnston careened out of control through the median into the east-bound lanes. As he crossed the median into the first lane of east-bound traffic, from an essentially perpendicular angle, his car was struck in the right rear by an Opel. This caused Johnston's vehicle to turn to a westerly direction in the second east-bound lane. Almost immediately after the collision with the Opel, Johnston's vehicle collided headon with a vehicle operated by the appellee Woody, who was driving east. Ms. Woody sustained serious injuries to her face which resulted in extensive medical and doctor's expense.

After a lengthy trial and comprehensive instructions on the legal principles involved, the jury returned a verdict in the amount of $120,000 in favor of Ms. Woody. Johnston brings this appeal, enumerating five alleged errors, the first four dealing with charges or failures to charge by the court and the last concerned with the failure

to grant a motion for new trial based upon the general grounds. *Held:*

1. In his first enumeration of error, Johnston complains that the trial court erred in failing to charge upon the doctrine of sudden emergency caused by the unexpected failure of the brakes upon his car. Under the facts, this doctrine was not applicable. According to Johnston's own testimony, he approached a car proceeding in the same lane in front of him. He was aware that he was closing the gap when he was at about 100 feet. He admitted that he was exceeding the speed limit by from 10 to 15 mph. Upon realizing his car had no operating brakes, Johnston testified that he rear-ended the car in front. He admitted that he made no effort to use his hand brake; there was no contention that he made an effort to turn to the adjacent emergency lane or to take any other evasive action. After rear-ending the car in front, Johnston admitted that his car was out of control until it came to a stop after colliding headon with Ms. Woody's car.

The doctrine of sudden emergency announces that one who in a sudden emergency acts according to his best judgment, or who because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. *Bryant v. Ga. R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319); *Ware v. Alston,* 112 Ga. App. 627, 629 (145 SE2d 721); *Pollard v. Weeks,* 60 Ga. App. 664, 672 (4 SE2d 722). The doctrine of emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. *Stripling v. Calhoun,* 98 Ga. App. 354, 357 (105 SE2d 923). This requires that the person confronted by the emergency have the opportunity and exercise a choice in alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard, and the doctrine is inapplicable. *Ford v. Pinckney,* 138 Ga. App. 714, 716-717 (227 SE2d 430). In this case, there apparently was time to apprehend the danger, but there is no evidence that Johnston exercised any volition to avoid that danger. In fact, except for the excessive speed, it would appear that the dangerous situation would not have existed, for the

driver of the car rear-ended testified that he was proceeding at the maximum authorized rate of speed, 55 mph. No one is entitled to relief from the consequences of neglecting to exercise ordinary care for his own protection and safety because failure to do so arose from an emergency brought about by his own act in voluntarily placing himself in a situation of peril. *Briscoe v. Southern R. Co.,* 103 Ga. 224 (28 SE 638); *Raybon v. Reimers,* 138 Ga. App. 511, 512 (226 SE2d 620); *Young v. Tate,* 112 Ga. App. 603 (145 SE2d 747). This enumeration is without merit.

2. In his second enumeration of error, Johnston argues that the trial court erred in charging that driving across the median separating a divided highway violates Ga. L. 1953, pp. 556, 585 (Code Ann. § 68-1642). He concedes that he did cross the median but argues that it was not intentional and thus contends that the charge if the jury found that the act of driving across the median was illegal, it would constitute negligence per se, was erroneous. If this had been the only act of alleged negligence upon which the trial court had charged, we would be inclined to agree with Johnston's position. However, the trial court also charged that exceeding the lawful speed limit and failing to keep one's vehicle under proper control also constituted violations of statute and amounted to negligence per se. There was evidence to support these charges. In fact, a reasonable jury could be satisfied that excessive speed and failure to keep the car under control, under the facts of this case, were the causative factors of the accident.

It is an old and sound rule that error to be reversible must be harmful. *First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326); *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). An inappropriate charge, unless harmful, is not ground for a new trial. *Jackson v. Kight & Sons,* 159 Ga. 584 (3) (126 SE 379); *Adrian Housing Corp. v. Lucas,* 144 Ga. App. 186, 190 (240 SE2d 732). Appellant has not demonstrated how this charge has harmed him nor are we constrained to believe that the jury could have been led away by this one charge from the issues in the case. See *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818).

This enumeration lacks merit.

3. In Enumerations 3 and 4, appellant contends that the trial court erred in failing to instruct on the theories of intervening cause and sudden brake failure, respectively. An examination of the charge of the court shows that the court charged extensively, fully and correctly upon the legal principles of negligence, comparative negligence, proximate cause, intervening cause, legal accident, as well as other pertinent instructions. The trial court did decline to give the two charges in the exact language requested by the appellant Johnston.

It is well established in this state that failure to charge in the exact language requested, where the charge given substantially covered the same principles, is not error. *Pollard v. State,* 236 Ga. 587, 589 (224 SE2d 420); *Atlanta &c. R. Co. v. Armstrong,* 138 Ga. App. 577, 581 (227 SE2d 71); *Jones v. Tyre,* 137 Ga. App. 572, 575 (224 SE2d 512). Moreover, where the charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. *Todd v. Fellows,* 107 Ga. App. 783 (131 SE2d 577). We discern no error in the failure of the trial court to give the two requested charges.

4. In his final enumeration of error, appellant complains of the denial of his motion for a new trial on the general grounds. Contrary to his assertions, we find the evidence more than sufficient to support the verdict of the jury. This enumeration is without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED NOVEMBER 16, 1978.

*Dunaway, Hass & Broome, Al Bridges,* for appellant.
*Pye, Groover, Edenfield & Dailey, Durwood T. Pye, Lewis M. Groover,* for appellee.